# THE CITY OF CHICAGO *et al.*

## *v.*

## CHARLES M. NICHOLS.

*Opinion filed December 21, 1898.*

|177    97
| 94a  ³376|

1. MUNICIPAL CORPORATIONS—*when determination of city council is not conclusive on courts.* The determination of the city council as to what is a "casualty or accident," within the meaning of the proviso to section 3 of article 7 of the City and Village act, (Rev. Stat. 1874, p. 227,) which authorizes the making of an improvement necessitated by any "casualty or accident" happening after the passage of the annual appropriation ordinance, is not conclusive on the courts but merely *prima facie* correct.

2. SAME—*what are not accidents or casualties within meaning of statute.* The unlawful combination of gas and electric light companies after the annual appropriation ordinance, which increases the price of street lighting, and the completion of an elevated "loop," which necessitates additional lights for the streets, are not such casualties or accidents as authorize an ordinance directing the comptroller to pay an additional sum for street lighting.

3. INJUNCTION—*tax-payer may enjoin unauthorized diversion of public funds.* A tax-payer of the city has full standing in equity to enjoin an illegal or unauthorized diversion of the public funds of the municipality, or the execution of illegal contracts or the incurring of illegal indebtedness.

4. SAME—*pleadings and proof need not disclose amount of taxes paid by the complainant.* The fact that the complainant is a tax-payer is sufficient to entitle him to relief against an unauthorized act of the taxing body which will add to the burden of the tax-payers as a class, and it is not necessary that the pleadings or proof disclose the amount of taxes paid by him.

5. COSTS—*costs may be decreed against city, but execution cannot be awarded.* In granting an injunction restraining an illegal expenditure of the public funds of the city the court may decree the costs against the city, but has no power to award an execution therefor.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

The city council of the city of Chicago, on the 18th day of March, 1897, passed the annual appropriation ordinance or bill for the fiscal year ending December 31,

1897. One item appropriated the sum of $600,000 "for oil, kerosene and gas for lighting street and bridge lamps, cleaning, lighting and repairing, salaries for gas inspectors and watchmen at the test meters, and for electric light plant maintenance." Another item appropriated the sum of $25,000 for the "expenses of the extension of the electric light system in the eighteenth ward." On the 18th day of October of the same year the said city council adopted another ordinance authorizing and directing the comptroller of the city to expend $150,000 in providing and furnishing "better light to illuminate the thoroughfares of each of the divisions of the city," and appropriated that sum out of any moneys not otherwise appropriated for the purpose specified. This was a bill in chancery by the appellee, a tax-payer of the city, for a writ of injunction restraining the said city, and Robert A. Waller, comptroller thereof, from carrying out and executing the provisions of said last mentioned ordinance or letting any contract or expending any sums of money by virtue thereof or of the appropriation therein attempted to be made.

A general demurrer to the bill was overruled and the appellants made answer thereto. The answer averred that after the passage of the annual appropriation bill or ordinance all but one of a number of gas companies which at the time of the passage thereof were doing business separately in the city and supplying gas to the said city and its inhabitants in competition with each other, re-organized under one charter and formed a trust or combination for the purpose of securing a monopoly in the business of supplying gas for lights in said city; that after the passage of the said annual appropriation bill or ordinance a number of electric light and illuminating corporations which previous thereto had been supplying the city with electric lights entered into a combination or trust and increased the charges and prices for electric and gas lights used by the city and by private consumers; that after the passage of the said annual appropriation

bill or ordinance certain elevated railroad companies entered into a combination, and, acting in concert, constructed and operated an elevated railway structure on Wabash avenue and other designated streets and built twelve stations in the principal business district of the city; that said elevated railway structures, stations and approaches thereto "seriously darkened the streets and alleys on which the said structures were erected or were crossed by the same, thereby rendering it necessary and imperative that many additional and increased lighting facilities should be provided by the city beyond its necessities at the time of the passage of its said appropriation bill."

A hearing upon the bill and answer resulted in a decree restraining the city from appropriating or using moneys out of its treasury for the purpose mentioned in the said ordinance of October 18, 1897. This is an appeal prosecuted on behalf of the city and the comptroller.

CHARLES S. THORNTON, Corporation Counsel, (ALLAN C. STORY, of counsel,) for appellants:

To maintain an injunction against a tax it must appear that its enforcement will lead to multiplicity of suits or produce irreparable injury, or, when property is real estate, throw a cloud upon the title of the complainant, or some other case of equitable jurisdiction. 2 Beach on Public Corp. p. 1570, sec. 1627.

The jurisdiction of a court of equity, unless enlarged by statute, is limited to the protection of rights of property. Dillon on Mun. Corp. (4th ed.) 1094; King v. Wilson, Dillon's C. C. 555.

Unless complainant shows in his bill that his claim or interest is $100, exclusive of costs, chancery will not retain jurisdiction. The case must not only be of a nature properly within cognizance of a court of equity, but the amount must be such as not to be beneath its dignity. 1 Barb. Ch. Pr. 39, 40; Sheppard v. Walker, 7 How. Pr. 46;

1 Daniell's Ch. Pr. (5th ed.) *329, 330; *Judd* v. *Bush*, 7 Conn. 205; *Cummings* v. *Barrett*, 10 Cush. 190; *Bread* v. *Kirkpatrick*, 7 Paige, 62; *Watson* v. *Wells*, 5 Conn. 468; *Skinner* v. *Bailey*, 7 id. 496; *Whitecolton* v. *Simpson*, 4 J. J. Marsh. 12; *Wheat* v. *Griffin*, 4 Day, 419; *Douw* v. *Sheldon*, 2 Paige, 323; *Bailey* v. *Burton*, 8 Wend. 395.

Equity ought not, except for the clearest reasons, to interfere with the speedy and ordinary collection of municipal and other revenues. Dillon on Mun. Corp. (4th ed.) p. 1119, and cases in note 2; High on Injunctions, chap. 7; *Hyde Park* v. *Ingalls*, 87 Ill. 11; *People* v. *Hurlbut*, 24 Mich. 44; *People* v. *Detroit*, 28 id. 228; *People* v. *Common Council*, id. 228; *Seamen's Fund Society* v. *Philadelphia*, 31 Pa. St. 183.

The ordinance of October 18, 1897, action under which was enjoined, is expressly authorized by the city charter. City and Village act, par. 91.

The city council, and not the circuit court, is the judge of the existence of the accident or casualty. 1 Starr & Curtis' Stat. (2d ed.) p. 727, par. 91; Smith's Manual of Equity, 237; 1 Beach's Eq. Jur. p. 25; 1 Domat on Civil Law, p. 261; 9 Am. Law Reg. art. "Accident;" 2 Henning & Mumf. 10; 1 Dillon on Mun. Corp. sec. 91, notes; *Smith* v. *Madison*, 7 Ind. 86; *Kyle* v. *Malin*, 8 id. 34.

In respect to the legislative functions of a municipal body the courts are bound to presume that they will exercise any discretion with which they are clothed properly, and that they had sufficient reasons for doing an act the result of such discretion. 1 Dillon on Mun. Corp. p. 152, note; *Johnson* v. *Railroad Co.* 23 Ill. 202; *Railroad Co.* v. *Mayor*, 1 Hilton, 562; *People* v. *Harper*, 91 Ill. 357; *Des-Moines Gas Co.* v. *DesMoines*, 44 Iowa, 508; *Owners of Lands* v. *People*, 113 Ill. 315.

Stein & Platt, for appellee:

A tax-payer may enjoin the creation of an unauthorized liability or the making of an illegal expenditure, however small the amount by which his individual taxes

would be increased.  *Rock Island* v. *Huesing*, 25 Ill. App.
600; *Huesing* v. *Rock Island*, 128 Ill. 465; *Chicago* v. *McCoy*,
136 id. 344.

A city cannot use taxes levied for one fund for the
expenses of another.  *Fuller* v. *Chicago*, 89 Ill. 294; *Kimball*
v. *Peoria*, 140 id. 157.

Revenues of a city can only be paid out in the manner
and for the purposes authorized by law.   *Washingtonian
Home* v. *Chicago*, 157 Ill. 414.

The creation, as well as the payment, of illegal debts
will be enjoined at the suit of a tax-payer.   *Wright* v.
*Bishop*, 88 Ill. 302.

The prohibition upon an appropriation after the pas-
sage of the annual appropriation bill is binding and ob-
ligatory.   *Cairo* v. *Campbell*, 116 Ill. 305; *Chicago* v. *Shober*,
6 Ill. App. 560.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The corporate expenditures or appropriations of the
city in any one year cannot lawfully exceed the amount
provided for in the annual appropriation bill of that
year, and no contract can be legally made or expense
incurred by the city or its comptroller unless the object
of the contract or expenditure shall have been included
in the general appropriation bill and an appropriation
thereof made in such annual bill, unless such contract or
expenditure is warranted by the proviso to paragraph 90
of chapter 24 of the Revised Statutes, entitled "Cities,"
etc., which, so far as need here be noted, is as follows:
"*Provided, however*, that nothing herein contained shall
prevent the city council or board of trustees from order-
ing, by a two-thirds vote, any improvement the necessity
of which is caused by any casualty or accident happen-
ing after such annual appropriation is made."

The appellants urge the necessity for additional light
growing out of the construction of the said elevated rail-
ways and depots, and the additional expense of gas and

electric lights caused by the alleged combination of said
gas and electric light companies, constituted "accidents"
or "casualties," within the meaning of those words as
employed in the said proviso of said paragraph 90; and
further, the action of the city council in adopting the or-
dinance of the 18th day of October amounted to a decla-
ration upon the part of the municipal corporation that
the said necessity for additional facilities for lighting
the city and the increase in the price of gas and electric
lights were such "accidents" or "casualties." The further
contention seems to be, such declaration is an exercise of
legislative power conferred upon the city to determine
as to the expediency of measures relating to the local
government, and that the judgment of the city council,
acting within the scope of such legislative authority, is
not subject to the control of the courts, but is conclusive
upon the question.

The ordinance of the 18th of October was preceded
by a preamble, which does not, in express terms, declare
the existence of an accident or casualty, and it may well
be doubted whether such declaration is comprehended in
the general terms of the preamble. But aside from this,
and aside from the question whether it is necessary the
ordinance or preamble thereto should contain any decla-
ration on the subject, we do not think even an express
declaration on the part of the city would necessarily be
conclusive. Power is given the city to act in case any
casualty or accident makes the ordering of any improve-
ment necessary. In the first instance the city council
must determine as to the necessity for the improvement,
and whether such necessity was caused by casualty or
accident. The necessity for any improvement within the
power of the city to provide is a matter committed by the
law to the judgment and discretion of the city council,
and its determination as to such necessity is no doubt
conclusive, in the absence of fraud. The determination
of the council that that which caused the necessity to

arise was a casualty or accident, within the meaning of these words as used in the statute, is to be accepted as *prima facie*, but may or may not be conclusive.    It was said in *North Chicago City Railway Co.* v. *Town of Lake View*, 105 Ill. 207, speaking of the power of the city councils of cities, in the exercise of the authority expressly conferred, to define and declare what should be deemed nuisances, such authorities "have no power to pass an ordinance declaring a thing a nuisance which in fact is clearly not one.    The adoption of such an ordinance would not be a legitimate exercise of the power granted, but, on the contrary, would be an abuse of it."

There is no accurate or accepted definition of either the word "accident" or "casualty" which would comprehend that which is here relied upon as authorizing the city council to enter into contracts involving the expenditure of money or make an appropriation of moneys over and above the amount provided for in the general appropriation ordinance.    The construction of elevated railroads and depots, and the combination, though unlawful, of corporations, cannot, with any correctness of speech, be denominated casualties or accidents.    The declaration of a city council that that is an accident or casualty which in its very nature is clearly not so, is an arbitrary and unreasonable exercise of the legislative power of the council, and is not conclusive.    The chancellor correctly ruled the matters relied upon by the council to justify its action were not accidents or casualties, within the meaning of those words as used in the statute in question, and that the ordinance of October 18, 1897, was therefore illegal and void.

The prohibition against the appropriation or expenditure of the public funds of the city in excess of the amount provided for by the general appropriation bill or ordinance was enacted for the protection of the taxpayers, and we have neither power nor the inclination to limit its lawful application.    If exceptions to such prohi-

bition, other than those found in the statute, ought to be made the legislative power should be invoked. Courts have power to construe and enforce statutes, but not to enact or amend them.

The appellee, being a tax-payer of the city, has full standing in equity to prevent by injunction illegal or un-authorized diversion of the public funds of the municipality or the execution of illegal contracts or the incurring of illegal indebtedness. (*City of Springfield* v. *Edwards*, 84 Ill. 626; *Wright* v. *Bishop*, 88 id. 302; 2 Dillon on Mun. Corp. 1237, 1289.) It is not necessary the pleading and proof should disclose the amount of taxes paid or to be paid by the complainant in such a proceeding as this. That the complainant is a tax-payer is sufficient to entitle him to ask relief against an unauthorized act of the taxing body which will add to the burden of the class of which he is a member, viz., tax-payers.

The observations of counsel, and the authorities cited bearing upon the rules which govern the jurisdiction and procedure of courts of equity in cases where it is sought to enjoin the collection of the public revenues, have no application. The effort here is not to enjoin a tax but to restrain illegal expenditures of the public funds of the city and to prevent the execution of unauthorized contracts by the city.

It was not error to decree costs against appellants. It was error to award execution against the municipality, and to that extent the decree will be reversed. In all other respects the decree is affirmed. The costs will be apportioned as follows: The appellee will pay the costs in the circuit court, the appellants the costs in this court.

*Decree affirmed in part.*