## Al. F. Gorman v. August Tidholm.

1. FRAUDS—*On Taxpayers by Public Officers.*—Where municipal or *quasi* municipal officers are about to expend public money raised by taxation for a purpose unauthorized by law, such act is of itself a threatened fraud upon the taxpayers of the municipality, which a court of equity, at the suit of such taxpayers, has ample jurisdiction to restrain.

2. TOWN OFFICERS—*Unlawful Expenditures.*—Where office room is furnished to a collector free of rent by the county treasurer, an allowance to such collector for office rent by an auditing committee is unlawful, and the payment of such an allowance is an unlawful expenditure.

Bill for an Injunction.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. BURKE, Judge, presiding. Heard in this court at the March term, 1901. Affirmed with directions. Opinion filed March 28, 1901.

Statement.—This is an appeal from an interlocutory order granting a temporary injunction on a verified bill filed by appellee against appellant and others, officers of the town of Lake, in Cook county. It is alleged in the bill, in substance, that complainant is a resident, the owner of property and a taxpayer in the town; that Martin J. Murphy is collector, Al. F. Gorman supervisor, and John W. Smolka clerk of the town, and that John Fitzgerald, Edwin J. Rhoades, John M. Moore and Patrick H. Duggan are justices of the peace of the town, and that Walter T. Stanton is the duly appointed attorney of the town, and that said justices and the supervisor and town clerk constitute the board of auditors of the town; that on or about the first day of December, 1900, the said board of auditors adopted a resolution and entered the same upon their records, fixing the sum of $11,500 as the amount which the

supervisor was authorized to pay out for expenses of the
said Martin J. Murphy, collector, including rent, station-
ery, public notices for collector, deputy clerk and collector
hire (for the year 1900 and 1901), and fixing the sum of
$10,000 as the total amount which the supervisor was
authorized to pay for salaries to said Martin J. Murphy,
collector, said Al. F. Gorman, supervisor, and said John W.
Smolka, clerk, and fixing the sum of $1,800 as the amount
which the supervisor was authorized to pay to Walter T.
Stanton, attorney, for fees, including legal expenses and
court costs, and fixing the sum of $900 as the amount
which the supervisor was authorized to pay to one James
J. McNarney for rent of township offices; that Al. F. Gor-
man, by virtue of his office as supervisor, is the custodian
and treasurer of the town, etc.; that the collector of the
town will collect money to the amount of $525,000, two
per cent of which, or $10,500, when collected, will be
placed in the hands of said Gorman and will be held in
trust by him for the use of the town; that the said board
of auditors had not, nor has, warrant or authority of law to
fix, audit or allow the sum of $11,500 for expenses of said
Martin J. Murphy, collector, including rent, stationery,
public notices for collector, deputy clerk and collector hire;
for your orator says that in the performance of his duties
as collector he has no legitimate expenses that will justify
the expenditure of so large a sum; for your orator says
that the office used by said collector is furnished him free
of rent by the county treasurer, and his necessary clerk or
collector hire should not exceed $3,000; that the said board
of auditors had not, nor has, warrant or authority of law to
fix, audit or allow the sum of $10,000 for salaries to said
Martin J. Murphy, collector, Al. F. Gorman, supervisor,
and John W. Smolka, clerk; for your orator says that the
law provides that the compensation for town collectors
shall not exceed the sum of $1,500, and that the maximum
sum allowed by law to be paid to supervisors is $1.50 per
day for each day necessarily devoted by them to the service
of the town when attending town business in their town,

and $2.50 per day for each day necessarily devoted by them to the service of the town when attending to town business out of town; and that the maximum salary allowed by law to be paid to town clerks is $1.50 per day for each day necessarily devoted by them to the service of the town when attending to town business in their town, and $2.50 per day for each day necessarily devoted by them to the service of the town when attending town business out of their town; that the said board of auditors had not, nor has, warrant or authority of law to fix, audit or allow to Walter T. Stanton, attorney, the sum of $1,800, including legal expenses and court costs; for your orator says that the law makes no provision for employing a town attorney, and he has no legitimate duties to perform that would justify an expenditure of $1,800 for his compensation and for legal expenses and court costs; that the said board of auditors had not, nor has, warrant or authority of law to fix, audit or allow to James J. McNarney for rent the sum of $900; for your orator says such expenditure for rent is exorbitant, and in view of the requirements of said town is an unlawful and extravagant expenditure of money; and your orator further says that said offices are not in actual use for said town, except as a place for meeting of said board of auditors of said town, and said board is required by law to meet but twice a year, and for the keeping of the records, books and papers of the town and certificates and oaths required by law to be filed in the office of the clerk; that the said board of auditors of said town threatens and intends to audit and approve the payment of all above named excessive sums for expenses and for compensation for said officers; and to authorize said Al. F. Gorman, supervisor, to pay said sums out of the funds of said town now in his hands and coming into his hands in trust for the use of said town; and the said Al. F. Gorman, supervisor, threatens to pay the above illegal expenses and compensation out of the funds of said town now in his hands and coming into his hands in trust for the use of said town; and your orator says the board of auditors will audit and allow said sums

for the purposes mentioned; and the said Al. F. Gorman, supervisor, will pay out the said sums unless restrained by an injunction of this honorable court.

The bill then alleges combination, confederacy and conspiracy between the defendants to wrong the complainant and other taxpayers in the manner above set forth, etc., and prays an injunction, process, etc. On the affidavit of complainant verifying the bill, and stating that the affiant had reason to believe, and did believe, that if notice of an application for an injunction were given to the defendants, or any of them, the money mentioned in the bill would be ordered paid, and would be paid before the matter could be heard, etc., the application for an injunction was heard without notice and the following order was made :

" It is ordered that the writ of injunction as prayed for in the bill of complaint filed herein, and upon the affidavit and recommendation of the master in chancery, who has examined said bill of complaint attached thereto, do now issue upon the complainant filing a bond in the sum of $500, and that said writ be directed to Martin J. Murphy, Al. F. Gorman, John W. Smolka, John Fitzgerald, Edwin J. Rhoades, John M. Moore, Patrick H. Duggan, Rudolph M. Jandus, Walter T. Stanton and James J. McNarney, strictly commanding the said Al. F. Gorman, John W. Smolka, John Fitzgerald, Edwin J. Rhoades, John M. Moore, Patrick H. Duggan and Rudolph M. Jandus, as members of the board of auditors of the town of Lake, and each and every of them, that they do absolutely desist and refrain from auditing and allowing for expenses of Martin J. Murphy, collector, including rent, stationery, public notices for collector, deputy clerk and collector hire, the sum of $11,500 or any part thereof, except such expenses as the board of auditors may be able to show to have been necessarily and lawfully incurred in the performance of his duty as collector; and restraining and enjoining the said board of auditors from auditing and allowing for salaries to Martin J. Murphy, collector, Al. F. Gorman, supervisor, and John W. Smolka, clerk, the sum of $10,000, or any part thereof, except to Martin J. Murphy, collector, the sum of $1,500, being the maximum sum allowed to him by statute for his compensation, and to Al. F. Gorman, supervisor, and John W. Smolka, clerk, the maximum sum allowed by law *per diem* to be paid to supervisors and

clerks respectively for each day necessarily devoted by them, or either of them severally, to the service of the town, attending to its business; and restraining and enjoining said board of auditors from auditing and allowing to Walter T. Stanton for fees and expenses and court costs the sum of $1,800, or any part thereof, except sums shown to have been legally and necessarily incurred; and restraining and enjoining said board of auditors from auditing and allowing to James J. McNarney for rent of office the sum of $900, or any part thereof, excepting such sum as said premises may be shown to be reasonably worth for rent; and restraining and enjoining the said Al. F. Gorman in his capacity of supervisor, from paying out of the town funds the above amounts, or any part thereof, to the persons above named, excepting as hereinbefore specially excepted, and restraining and enjoining said Martin J. Murphy, Al. F. Gorman, John W. Smolka and James J. McNarney, or any or either of them, from receiving the amounts above named, or any part thereof, excepting as hereinabove specially excepted."

McEwen & Weissenbach, attorneys for appellant.

Julius Stern and Hoyt King, attorneys for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

None of the defendants to the bill except appellant has appealed from the injunction order, so it may be assumed that, of all the defendants, he only objects to the order. The specific assignments of error are, that the court exceeded its jurisdiction in making the order, and that there is no evidence to support the order. Appellant's counsel contend that the bill is insufficient in that it does not allege fraud on the part of the officers. The bill is filed by a resident taxpayer of the town to enjoin the illegal appropriation and threatened expenditure by the town officer of town money raised by taxation for purposes unauthorized by law, thus increasing the burdens of the taxpayers of the town. If municipal or *quasi* municipal officers are about to expend public money raised by taxation for a purpose or purposes unauthorized by law, this itself is a threatened fraud on the taxpayers, and a court of equity, at the suit of a taxpayer,

has ample jurisdiction to enjoin the threatened unlawful expenditure. City of Chicago v. Nichols, 177 Ill. 97; McCord v. Pike, 121 Ib. 288; Colton v. Hanchett, 13 Ib. 615.

The question to be determined is, whether the bill is sufficient to warrant the order appealed from, and, for the purpose of determining this question, the facts averred in the bill, in so far as they are well pleaded, must be assumed to be true. It is averred that the town board of auditors adopted a resolution and entered the same on their record, fixing the sum of $11,500 as the amount authorized to be paid to Martin J. Murphy, the collector, including rent, stationery, etc., for the year 1900 and 1901; and it is also averred that no office rent was paid by the collector; that the office used by him was furnished free of rent by the county treasurer, and that the collector's legitimate expenses were not such as to require the expenditure of so large a sum, etc. It is clear that if the collector paid no office rent, an office having been furnished him rent free, an allowance to him for office rent by the auditing board was unlawful, and the payment of such allowance would be an unlawful expenditure.

It is averred that the board of auditors has, by said resolution, fixed the sum of $10,000 as the amount which the supervisor was authorized to pay for salaries to Murphy, collector, Gorman, supervisor, and Smolka, clerk, and that said amount is in excess of that authorized by law.

The statute in relation to the compensation of the supervisor and town clerk is as follows:

"The town clerk and supervisor shall receive for their services two and a half dollars per day when attending to town business out of town; one dollar and fifty cents for town business in their town. *Provided*, that the town clerk shall receive fees, and not a *per diem*, for the following services:

For serving notices of election upon town officers, as required by law, twenty-five cents each.

For filing any paper required by law to be filed in his office, ten cents each.

For posting up notices required by law, twenty-five cents each.

For recording any order or instrument of writing authorized by law, eight cents for each one hundred words.

For copying any record in his office and certifying to the same, eight cents for every one hundred words, to be paid by the person applying for the same.

For copying by-laws for posting or publication, eight cents for each one hundred words, to be paid by the town." Hurd's Rev. Stat. 1899, p. 1716.

Even if the supervisor and town clerk attended to town business 300 days in the year out of town, their combined salaries would be only $1,500.

The compensation of the town collector is fixed by statute as follows:

"Each town or district collector shall be allowed a commission of two per cent on all moneys collected by him, to be paid out of the respective funds collected: *Provided*, that in any case where the compensation so allowed shall be insufficient, the town or county board may allow an additional compensation or *per diem* in lieu of other or greater commissions, in which case said additional compensation shall be paid out of the town or county treasury, as the case may require. *And, provided, further*, that all excess of commissions and fees over fifteen hundred dollars shall be paid into the town or district treasury." Hurd's Rev. Stat., 1899, p. 888.

It is contended by appellant's counsel that this provision of the statute does not limit the compensation of the collector to $1,500. We think it plain that the total compensation of the collector for his personal services is limited by the provision quoted to $1,500. Therefore, the combined salaries of the supervisor, clerk and collector, even on the unreasonable hypothesis that the supervisor and clerk should attend to town business out of town for 300 days in the year, would be only $3,000. Yet their combined salaries are fixed by the auditing board at the sum of $10,000, and that amount is threatened to be paid on account of their salaries. The fact that the board fixed the salaries at that amount is pretty good evidence that the board will order that amount to be paid unless enjoined.

The remainder of the resolution of the board is that fixing the sum of $1,800 as the amount to be paid to the

attorney, and the sum of $900 as the amount to be paid to one James J. McNarney for rent of township offices. As we construe the order of injunction, it (except perhaps in a single instance hereinafter mentioned) merely enjoins the board of auditors from allowing expenditures in excess of such as are lawful. In this respect it merely enjoins expenditures impliedly prohibited by law. For instance, the statute fixes the compensation of the supervisor, of the town clerk and the collector, and thereby impliedly prohibits compensation additional to that so fixed. The injunction order enjoins the auditing board from allowing for salaries to the supervisor, the collector and the clerk, the sum of $10,000, or any part thereof, except to the collector, the sum of $1,500 being the maximum sum allowed him by statute, etc. In the case of the attorney, it enjoins the payment of $1,800, or any part thereof, except sums shown to have been legally and necessarily incurred. If the attorney was employed at a reasonable salary, regularly and fairly fixed by agreement between him and the town, acting by the proper officer or officers, the injunction leaves the board free to pay such salary, or if no salary was agreed on, and the attorney has been regularly employed to perform and has performed services for the town, the board is left free by the injunction to audit and order paid a bill for the reasonable value of such services.

As to the rent for town offices, the injunction leaves the board free to audit and pay, as rent, the reasonable value of the rented premises. If the premises were necessary for a town office and were fairly and regularly rented at an agreed rental for town offices, the injunction, as we think, leaves the board free to audit and order paid a fair bill for the agreed rent unpaid.

The injunction, as to the supervisor and the clerk, contains this language: "And to Al. F. Gorman, supervisor, and John W. Smolka, clerk, the maximum sum allowed by law *per diem* to be paid to supervisors or clerks, respectively, for each day necessarily devoted by them, or either of them, severally, to the service of the town, attending to its busi-

ness." This excludes from the clerk's compensation the fees allowed by section 1, article 15 of the statute, in addition to the *per diem* compensation. Hurd's Stat. 1899, p. 1716.

The injunction, therefore, should be modified in this respect.

Had the defendants filed an answer to the bill and affidavits in support thereof, and moved for a dissolution of the injunction, as they had a right to do, and as we think they should have done, the matter being a public one requiring speedy determination, all the questions involved could have been fully presented to the chancellor and perhaps satisfactorily determined. It may be that this course was prevented by the appeal of the supervisor, who seems to have no personal interest in the matter, except so far as his own salary is concerned, and that is fixed by the statute.

The order will be affirmed except in so far as it enjoins the board of town auditors from auditing, or allowing to the town clerk any more than the maximum sum *per diem* allowed him by law, with directions to so modify the order as to permit the board of town auditors to audit and allow to said clerk the fees allowed by law to be paid by the town, and earned by him, in addition to the maximum *per diem* allowed by law for each day devoted by him to attending to the town business. Appellant to pay the costs of this court. Affirmed, with directions.