THE PEOPLE ex rel. Oliver L. Chadwick, Appellee, vs. CHAS. H. SERGEL, City Treasurer of Chicago, Appellant.

*Opinion filed November 6, 1915.*

1. MUNICIPAL CORPORATIONS—*an appropriation ordinance must cover miscellaneous receipts.* Under paragraphs 89, 90, 91 and 111 of the Cities and Villages act the appropriation ordinance to be passed during the first quarter of the fiscal year is not intended to be limited to funds received from taxation, but to include also receipts of the city from miscellaneous sources.

2. SAME—*city cannot, after first fiscal quarter, appropriate miscellaneous receipts for expenses.* A city has no power to take miscellaneous receipts not derived from taxation and appropriate them, after the expiration of the first quarter of the fiscal year, to the payment of current liabilities.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

WILLIS E. THORNE, for appellant.

CHURCH, SHEPARD & DAY, for appellee.

RICHARD S. FOLSOM, Corporation Counsel, (CHARLES M. HAFT, and JAMES G. SKINNER, of counsel,) for the city of Chicago.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The People, on the relation of Oliver L. Chadwick, filed a petition in the superior court of Cook county praying a writ of *mandamus* against Charles H. Sergel, treasurer of the city of Chicago, commanding him to pay out of a certain fund a warrant drawn by the city of Chicago payable to the relator. Upon a hearing the superior court awarded the peremptory writ, and the validity of a municipal ordinance being involved, the city treasurer prosecuted an appeal direct to this court.

The warrant which appellant refused to pay was for $125, and was issued by virtue of an ordinance the validity

of which is denied by the appellant. Said ordinance was passed July 15, 1915, and is as follows: "That there be and is hereby appropriated from miscellaneous receipts for the year 1915 not otherwise appropriated or pledged, the sum of twenty-five thousand ($25,000) dollars, to be set up by the city comptroller and city treasurer to the credit of account 50*s,* services, benefits, claims and refunds, expert witness' and commissioners' fees, to be expended under the direction of the board of local improvements." The warrant the payment of which is sought to be compelled was drawn against the fund or account 50*s* for personal services. The position of appellant is that the appropriation made for that fund or account in the annual appropriation ordinance had been exhausted, and that the ordinance of July 15 appropriating $25,000 to that account having been passed after the first quarter of the fiscal year, was void and conferred no authority upon him to pay warrants drawn by virtue of said ordinance.

Pursuant to paragraph 89 of the Cities and Villages act, requiring the annual appropriation bill to be passed during the first quarter of the fiscal year, the city council, on January 18, 1915, passed the annual appropriation ordinance, appropriating for corporate purposes of the city of Chicago $28,361,617.02. By said appropriation ordinance the sum of $25,000 was appropriated to pay "personal services other than by employees; expert witness' and commissioners' fees." All of this sum except $1.35 had been paid out on warrants drawn against the appropriation prior to the passage of the ordinance of July 15. The question presented for determination is whether a municipality can take miscellaneous revenues not derived from taxation and appropriate them, after the expiration of the first quarter of the fiscal year, to the payment of current liabilities.

Paragraph 89 of the Cities and Villages act requires city councils and boards of trustees in villages, within the first quarter of each fiscal year, to pass an ordinance termed the

annual appropriation bill, appropriating such sums as may be deemed necessary to defray all necessary expenses and liabilities of the corporation. The ordinance is required to specify the objects and purposes for which the appropriations are made and the amount appropriated for each object or purpose. "No further appropriations shall be made at any other time within such fiscal year" unless under conditions not here involved. Paragraph 90 prohibits the council or board of trustees, or any officer or department of the corporation, from adding to the corporate expenditures, in any one year, anything above the amount provided for in the annual appropriation bill of that year, except as is therein specially provided. Paragraph 91 provides that no expense shall be incurred by any officer or department of the corporation unless an appropriation shall have been previously made concerning such expense. By paragraph 111 the city council is required, annually, on or before the third Tuesday in September of each year, to ascertain the total amount of the appropriations legally made for corporate purposes and to be collected from the tax levy of that fiscal year, "and, by an ordinance specifying in detail the purposes for which such appropriations are made and the sum or amount appropriated for each purpose respectively, levy the amount so ascertained upon all the property subject to taxation within the city or village as the same is assessed and equalized for State and county purposes for the current year."

Appellee's contention is, that, construing these paragraphs together, they were intended to require that the appropriation ordinance passed during the first quarter of the fiscal year should appropriate only the revenues and funds of the corporation received from taxation; that as to receipts from miscellaneous sources they may be appropriated for the payment of current expenses at any time during the fiscal year. If this position is correct then the annual appropriation ordinance passed during the first quarter of the

fiscal year and the tax levy would be for the same amount, or, at least, there would be no necessity for the appropriation exceeding the amount of the tax levy. The provisions of the statute referred to are mandatory and have been held to have been enacted for the protection of the tax-payer. *City of Chicago* v. *Nichols,* 177 Ill. 97; *People* v. *Florville,* 207 id. 79; *People* v. *Read,* 261 id. 502; *People* v. *McElroy,* 248 id. 574.

Appellee argues that the protection intended to be afforded the tax-payer by paragraph 89 was against the improper appropriation of the corporate funds received from taxation, alone, and has no application to the appropriation of miscellaneous receipts. The language used in the statute will not bear any such construction. The council is required, during the first quarter of the fiscal year, to pass an appropriation ordinance appropriating such sum or sums as may be deemed necessary to defray all expenses and liabilities of the corporation, and no further appropriation shall be made at any other time within the fiscal year. We have above quoted, in substance, the material parts of paragraphs 90 and 91, both of which refer to corporate expenditures for all purposes and are not limited to the expenditure of appropriations of corporate funds received from taxation. It was known to the legislature that substantially all the cities of the State receive revenues from other sources than taxation, subject to be applied to the expenses of the municipal government. Paragraph 111 does not require that the amount appropriated in the annual appropriation ordinance shall be raised by taxation. The council is required to ascertain the amount of the appropriation for corporate purposes legally made which must be raised by taxation and levy a tax therefor. In ascertaining the amount required to be raised by taxation, the amount of miscellaneous receipts which, judging from past experience, will probably be received is to be taken into consideration, and the amount necessary to pay the corporate

expenses above the amount received from miscellaneous sources is to be collected by taxation. This was clearly the understanding and was the practice of the city of Chicago, for the amount provided for by the tax levy ordinance was $16,282,249.45, or a little more than fifty per cent of the amount appropriated in the annual appropriation ordinance for corporate purposes. It is agreed that the receipts from miscellaneous sources in the city of Chicago approximate $12,000,000, annually. This is a public fund for the payment of the legitimate expenses of the municipal government, and the tax-payer is as much interested in the appropriation and expenditure of that fund as in the fund collected by taxation. (*Jones* v. *O'Connell*, 266 Ill. 443; *City of Chicago* v. *Nichols, supra.*) If the legislature had intended the provision with reference to appropriations for corporate expenditures for the protection of the tax-payer against the improper use of tax money, alone, it would undoubtedly have said so, or at least it would not have said in language plain and unambiguous that the council should appropriate, during the first quarter of the fiscal year, such sum or sums as were deemed necessary to defray "all necessary expenses and liabilities of such corporation," and that "no further appropriations shall be made at any other time within such fiscal year." Nowhere in the statute do we find any language warranting the inference that the appropriations required to be made the first quarter of the fiscal year were limited to funds collected by taxation, and as was said in *City of Chicago* v. *Nichols, supra,* we have neither power nor inclination to limit the reasonable construction and application of the statute. "If exceptions to such prohibition other than those found in the statute ought to be made, the legislative power should be invoked. Courts have power to construe and enforce statutes but not to enact or amend them."

It was stipulated on the hearing that for the past fifteen years, but not prior thereto, it had been the practice

of the council of the city of Chicago to pass ordinances after the first quarter of the fiscal year purporting to make appropriations of miscellaneous receipts not otherwise appropriated, and that the mayor, city council, city comptroller, corporation counsel and prior city treasurers had uniformly and contemporaneously construed the law to permit such appropriations, and it is contended the ordinance should be sustained on the ground of contemporaneous construction. Neither the statute nor the facts admit of the application of that doctrine. The statute, by language plain and unambiguous, limits the expenditure of corporate funds to the amounts appropriated during the first quarter of the fiscal year for the respective corporate purposes mentioned in the appropriation ordinance and prohibits any other appropriation being made at any other time within such fiscal year. That it has been construed contrary to its plain language and meaning would not justify sustaining the ordinance in question on that ground.

The judgment of the superior court is reversed.

*Judgment reversed.*