[Civ. No. 17890. Second Dist., Div. One. May 29, 1951.]

JOHN H. KUITEMS et al., Respondents, v. CHARLES W. COVELL, JR., et al., Appellants.

Alfred E. Cate for Appellants.

David Welts for Respondents.

DORAN, J.—The present controversy arose out of a written contract under which appellant roofing contractors agreed to and did install a roof covering for the respondents on a flat roof deck which had been erected by respondents on an owner-built home, the agreed price therefor being $487.12. The complaint, in a first count, alleges faulty workmanship by appellant contractors, and that the roofing material used was insufficient and not of a proper type, even if properly installed, to withstand the pressure of static water resulting from rainfall, the flatness of the roof being known to appellants. A second count sets forth that in the matter of the selection of materials and method of installation, respondents asked for and relied upon the skill and knowledge of appellant contractors. The complaint prays for damages in the sum of $8,900.

Appellants filed a cross-complaint seeking to foreclose a mechanics' lien, asking judgment for the contract price of $487.12. The answer filed by appellants consists of a general denial together with an allegation that "the roof structure . . . was negligently and improperly designed and erected by plaintiffs. That plaintiffs did not provide adequate slope from the drainage of said roof structure, but . . . caused same to be erected so that it was concave to such an extent that it was impossible for same to drain naturally. Furthermore plaintiffs

caused the drainage outlets for said roof structure to be designed and constructed on the upper side of the roof and not on the lower side of same. That plaintiffs well knew these defects and did not communicate same to defendants."

The trial court found that "defendants installed roofing material and slabs insufficient and not of proper type" for a flat roof, by reason of which the roof covering "failed to hold water, and in the rains occurring in the months of December, 1948 and January, 1949, water leaked in and through the said roof covering, causing warping and permanent water staining of the hardwood floors . . . warping of window sills, and waterlogging and staining of inside plaster, warping of the roof deck, and water damage to the building generally," plaintiffs' damage being assessed at $1,825.

It was further found that "plaintiffs informed defendants that the roof-deck . . . was approximately flat, and that the defendants would be required to provide drains for said roof"; that the roof material used was manufactured by defendants and was "the only type of roof covering they installed"; that defendants were roof specialists upon whose judgment plaintiffs relied, and that defendants had recommended the type of roof covering used. The trial court also found that defendants "were negligent in not making a proper inspection of said roof-deck before applying said roof covering"; that defendants did not provide proper drains, and that "said roof covering as installed by the defendants was of no value to plaintiffs."

In the trial court's conclusions of law it is stated "That the law implied a warranty that said roof covering would be proper and fit for its said intended use, to wit, to effectively keep water out of plaintiff's said house"; and that said warranty, "whether stated expressly in said written agreement of November 30, 1948, or implied in law, is a part of the contract."

One of appellants' main contentions is that the contract contained no written warranty "that the roofing material should be sufficient to withstand the pressure of static water"; that the trial court was in error in finding that there was any implied warranty, and that the contract by its terms provided that the written instrument was only agreement between the parties.

As pointed out in respondents' brief, the trial court's conclusion "That the law implied a warranty that said roof covering would be proper and fit for its said intended use,

to wit, to effectively keep water out of plaintiff's said house,'' is correct. The following quotation from *Roscoe Moss Co.* v. *Jenkins*, 55 Cal.App.2d 369, 376 [130 P.2d 477] is applicable to the present situation: "A general statement found in 38 Am.Jur. 662, section 20, reading as follows: 'Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort as well as a breach of the contract.' The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement. . . . It is applicable, of course to a contract for the drilling of a well.''

The contract here under consideration involves a construction job and not a mere sale of roofing material as appellants' brief seems to suggest. Obviously, the statement in the written contract that it contains the entire agreement of the parties cannot furnish the appellants an avenue of escape from the entirely reasonable obligation implied in all contracts to the effect that the work performed "shall be fit and proper for its said intended use," as stated by the trial court. Such rule is as applicable to a roofing contract as to one for the drilling of a well which was the subject of the contract in *Roscoe Moss Co.* v. *Jenkins, supra,* cited in the preceding paragraph. Such being the law, the admission of testimony relating to this matter furnishes no reversible error.

Appellants' contention that no such warranty was directly pleaded likewise presents no ground for reversal. As mentioned in respondents' brief, the ultimate facts involving the implied warranty appear in the complaint, and this issue appears to have been "vigorously and exhaustively contested" at the trial. The findings and judgment, supported by substantial evidence and reasonable inferences deducible therefrom, may not be reversed for what is, at most, a mere defect in pleading. No substantial rights have been infringed upon, and no prejudicial error has been pointed out. Appellants' various contentions are all untenable.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.