Appellate Department, Superior Court, Kern

[Civ. A. No. 10.   Nov. 27, 1953.]

UNITED STATES CREDIT BUREAU, INC., Respondent,
v. ROBERT LEON POWELL, Appellant.

Deadrich, Gill & Bates, for Appellant.

Hayes, Bletz & Lawson for Respondent.

LAMBERT, P. J.—The plaintiff-respondent here brought suit on a written contract for the purchase price of a piano. The complaint alleged the execution of the contract by defendant and Jayne's Piano and Accordion Company, the assignment of the contract to the Bank of America and the reassignment by the Bank of America to Jayne's Piano and

Accordion Company and the assignment from Jayne's Piano and Accordion Company to the plaintiff. No demurrer to the answer was filed and no objection raised as to the pleadings by the plaintiff. The evidence presented to the trial court established without conflict that the written contract was signed by the defendant and that no payments had been made and that the contract was repurchased by Jayne's Piano and Accordion Company from the Bank of America and then assigned to plaintiff. Also the record shows that the piano was still in the possession of the defendant when the suit was filed, although he had offered to return it promptly to the plaintiff's assignor. Over the objection of the defendant, oral testimony was received that the contract had been assigned by written assignment to plaintiff, and the defendant's motion to strike said testimony was denied. After plaintiff had rested its case the defendant sought to introduce evidence to show a breach of implied warranty in support of the affirmative defense set forth in defendant's answer. The plaintiff objected to admission of this evidence and the court sustained the objection. Appellant relies on two grounds for reversal: First, that the assignment to the plaintiff-respondent here having been in writing, a written assignment should have been produced. The second contention is that it was prejudicial error for the court to exclude all the evidence relating to the proof of an implied warranty.

So far as the first assignment of error here is concerned, we do not consider it of any importance for there appears to be a written assignment, and it could be filed in this court, and that would dispose of the case. ▇ However, we have concluded that the refusal to hear any evidence in an attempt to prove a breach of an implied warranty was prejudicial error. The contract upon which suit was brought provided, among other things, "This contract constitutes the entire agreement, no waivers or modifications shall be valid unless written upon or attached hereto." While this provision would exclude any parol evidence to change the contract in this case or prove an express warranty, we are of an opinion that it would not exclude an implied warranty, assuming that the plaintiff could prove facts sufficient to show an implied warranty, because section 1735 of the Civil Code provides for an implied warranty under certain conditions, and, the statutory provision is a part of every contract, and unless there is something in the contract specifically excluding the provisions of the statute, it remains a part of the contract. While

there is not too much case law on the subject the weight of authority seems to be that in a case like this an implied warranty may be shown. And in *Kuitems* v. *Covell,* 104 Cal. App.2d 482 [231 P.2d 552], the court in that case made this observation, ''Obviously, the statement in the written contract that it contains the entire agreement of the parties cannot furnish the appellants an avenue of escape from the entirely reasonable obligation implied in all contracts to the effect that the work performed 'shall be fit and proper for its said intended use.' '' While the facts in this case are, of course, not identical with the facts in that case, the principle is exactly the same.

The rule admitting evidence to show an implied warranty should not be confused with the rule excluding parol evidence to vary or add to or take from a contract as set forth in the sections in the Civil Code. The affirmative answer in this case was in the words and figures following, to wit:

''FOR A COUNTER CLAIM AND OFF SET TO PLAINTIFF'S COMPLAINT, DEFENDANT ALLEGES:

''1. That at all times mentioned in said complaint, and for sometime prior thereto, plaintiff's assignor was engaged in the business of selling pianos and musical instruments to the general public in the City of Bakersfield, County of Kern, State of California.

''2. That at the time of the execution of the said contract, plaintiff's said assignor, being then engaged in the business of selling pianos, and knowing that defendant desired to purchase a piano reasonably fit for use as a piano in defendant's home and of merchantable quality, then and there warranted to defendant that the said piano described in the written sale contract was in all respects reasonably fit for such purpose, and that the same was of merchantable quality.

''3. That defendant relied upon such warranties and in reliance thereon, executed the said written contract of sale set forth in plaintiff's Complaint; that defendant attempted to use said piano for the purpose aforesaid, but said piano was wholly unfit for such purpose and was not of merchantable quality, in that the foot pedals thereof were unworkable, the piano keys would not operate and the piano mechanism was generally worn, depreciated and unusable.

''4. That as soon as said unfitness and unmerchantable quality was ascertained, defendant notified plaintiff's assignor thereof, and offered to return the said piano, but that plaintiff's said assignor refused and still refuses to accept the same.

"5. That said piano is of the reasonable value of $10.00; that defendant has been at all times and now is ready and willing to return the said piano to plaintiff's assignor."

The offer of proof made by the defendant was as follows:

"a. In purchasing the piano, defendant advised Jayne's of the particular purpose for which the piano was required.

"b. The purpose for which the piano was required was the use of the piano by defendant's children in taking piano lessons.

"c. Defendant relied upon the skill and judgment of Jayne's in the selection of the piano and in entering into the sales contract.

"d. Within three days after delivery of the piano, defendants discovered that the piano was not in playable condition, the foot pedals were disconnected, several hammers were broken and the notes would not play, and the piano was not fit nor suitable for use in his home for the purpose desired.

"e. Prompt notice of the defects and breach of warranty was given to 'Jayne's.

"f. The piano was not of a value in excess of $10.00."

The provisions in part of section 1735 of the Civil Code provide that where "1. the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and the buyer relies on the seller's skill and judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose." Therefore, we think that the pleading together with the offer of proof were sufficient. Pleadings are to be liberally construed. (Code Civ. Proc., § 452.)

The respondent seeks to uphold the judgment on the ground that the pleading was not sufficient to show that the defendant was relying on an implied warranty, and while this argument was not advanced in the trial court, we think that even if there was anything to the point, it is waived. (See *French* v. *Smith Booth Usher Co.*, 56 Cal.App.2d 23 [131 P.2d 863].) The respondent also raises a point that the piano was sold by a trade name. This likewise was raised for the first time on appeal, and there does not seem to be any merit to the contention. The case of *Drumar Mining Co., Ltd.* v. *Morris Ravine Mining Co.*, 33 Cal.App.2d 492 [92 P.2d 424], cited by appellant holds otherwise. This case discusses various propositions and holds among other things that where the selection of the article is made by the seller

and the buyer relies on the skill and judgment of the seller, there is an implied warranty of fitness and that the trade name rule does not apply, and, of course, that is a matter for the trial court to determine, not this court, as the evidence relating to the implied warranty was excluded.

There are no other points that we deem necessary to discuss. The judgment is reversed, and the case is remanded to the Municipal Court of the City of Bakersfield for a retrial of the issues in accordance with the views expressed in this opinion.

Bradshaw, J., and Main, J., concurred.