518 P.2d 1363 (1973)
Dan T. CHUTICH and Gladys M. Chutich, Plaintiffs-Appellants,
v.
Mike SAMUELSON et al., Defendants-Appellees and Third-Party Plaintiffs-Cross-Appellees,
v.
CONTINENTAL CASUALTY COMPANY, Third-Party Defendant-Appellee and Cross-Appellant.
No. 72-309.
Colorado Court of Appeals, Div. I.
December 11, 1973.
Rehearing Denied January 15, 1974.
Certiorari Granted March 11, 1974.
*1365 Laurence A. Ardell, Richard R. Macrorie, Pueblo, for plaintiffs-appellants.
Paul D. Renner, Denver, for defendants-appellees and third-party plaintiffs-cross-appellees.
Yegge, Hall & Evans, John R. Trigg, Denver, for third-party defendant-appellee and cross-appellant.
Selected for Official Publication.
ENOCH, Judge.
Mr. and Mrs. Chutich sued Veterans Gas and Service, Inc., and the members of the last board of directors of Veterans for damages resulting from a propane gas explosion in plaintiffs' home. The jury returned a verdict in favor of defendants and plaintiffs appeal. A cross-appeal was filed by the third-party defendant, Continental Casualty Company, challenging the trial court's entry of summary judgment holding the company liable to defendants for costs incurred in the litigation. We shall consider each claim separately.
In 1960 Veterans Gas and Service, Inc., sold plaintiffs two gas appliances and installed them in plaintiffs' home. In connection with the installation, an underground propane tank was relocated some distance from the house and a new pipe was installed underground connecting the tank to the appliances. On July 11, 1966, plaintiffs returned from a weekend trip and discovered that their gas water heater was not functioning. When they attempted to light the pilot light, an explosion occurred which inflicted severe personal injuries on both plaintiffs.
Investigations after the explosion revealed several large holes in the black steel pipe which had been installed underground by defendants. Plaintiffs alleged that these holes in the pipe were the source of the gas which caused the explosion. Plaintiffs further alleged that the holes resulted from a chemical reaction between rainwater and ashes in the soil, and that defendants should not have laid uncoated steel pipe in soil containing ashes. The defendants offered an alternative theory of causation, contending that the explosion occurred because the fail-safe mechanism in the water heater malfunctioned, thus allowing *1366 gas to escape into plaintiffs' basement when the pilot light went out. There is no claim that defendants are responsible for the alleged malfunctioning of the failsafe valve. Defendants also presented evidence that plaintiffs were contributorily negligent or assumed the risk of injury by attempting to light the pilot light in a room where the odor of gas was present. The evidence is in conflict as to whether the Chutiches smelled gas before they attempted to light the pilot light.

I. BREACH OF IMPLIED WARRANTY
Plaintiffs' complaint stated two claims, one based on negligence in the installation of the pipe and one for breach of implied warranty arising out of the contract for sale and installation of the propane system. At the close of plaintiffs' evidence, the trial court granted defendants' motion to dismiss the breach of warranty claim on the grounds that plaintiff had not presented sufficient evidence of the contract and breach thereof by Veterans. Plaintiffs allege that the trial court erred in granting this motion. We agree.
The defendants argue that although Veterans sold certain gas appliances to plaintiffs, the service aspect of the transaction predominates. Therefore, defendants contend, no implied warranty existed because implied warranties are limited to sales governed by statutes, such as the Uniform Sales Act (which was in force at the time this contract was executed).
We agree that plaintiffs' complaint states a claim based on the service element of the transaction. Plaintiffs contend that defendants selected the wrong type of pipe for use in soil containing ashes, not that the pipe or the appliances were defective or unfit for their intended use. Their allegation relates to the services rendered by defendants, rather than the products sold by defendants. Therefore, statutory warranties imposed by the Uniform Sales Act do not apply.
However, a sale is not the only transaction in which a warranty may be implied. Hoffman v. Misericordia Hospital, 439 Pa. 501, 267 A.2d 867; 1 S. Williston, Sales § 242(b) (rev. ed. 1948). See generally Farnsworth, Implied Warranties of Quality in Non-Sales Cases, 57 Colum.L.Rev. 653 (1957); Note, Implied Warranties in Service Contracts, 39 Notre Dame Law. 680 (1964). Whenever a person holds himself out as specially qualified to perform work, the common law implies a warranty that the task will be executed in a workmanlike manner and the result will be reasonably fit for its intended use. Aced v. Hobbs-Sesack Plumbing Co., 55 Cal.2d 573, 12 Cal.Rptr. 257, 360 P.2d 897; In re Estate of Talbott, 184 Kan. 501, 337 P.2d 986; McCool v. Hoover Equipment Co., 415 P.2d 954 (Okl.). In Colorado the common law warranty implied in service contracts has been applied most frequently to the construction of new homes. Carpenter v. Donohue, 154 Colo. 78, 388 P.2d 399; Shiffers v. Shepherd Builders Co., 28 Colo.App. 29, 470 P.2d 593. This warranty is particularly important where, as in this case, there is a substantial risk of disastrous consequences if the work is not performed carefully and the purchaser lacks the expertise needed to evaluate the quality of the workmanship or to discover defects.
Plaintiffs assert that they presented sufficient evidence of an oral contract and breach of the common law implied warranty for their case to have gone to the jury on this theory. We agree. Both Mr. Chutich and defendant Samuelson testified that Veterans agreed to install the gas appliances and relocate the propane tank for a price. Evidence was presented that the pipe installed by defendants was corroded and that the corrosion had been caused by the chemical reaction between rainwater and ashes in the soil. From this evidence it would have been reasonable for a jury to conclude that defendant had breached the implied warranty because the pipe, as installed by defendant, proved to be unfit for the use to which it was put. Although the evidence *1367 may also support a negligence theory, the inquiry in a warranty cause of action focuses on the adequacy of the final product, here the ultimate result of the services performed, rather than on the reasonableness of defendant's conduct. Thus, whether the defendant failed to inspect the soil carefully before laying the pipe and whether the defendant was aware that uncoated pipe should not be used in soils containing ashes would not be issues under the warranty theory in this case. See Aced v. Hobbs-Sesack Plumbing Co., supra; Kuitems v. Covell, 104 Cal.App.2d 482, 231 P.2d 552; W. Prosser, Law of Torts § 95 at 636 (4th ed.). Propane gas is an inherently dangerous substance (see Grange Mutual Fire Insurance Co. v. Golden Gas Co., 133 Colo. 537, 298 P.2d 950), which justifies the application of the strict liability concept under the doctrine of common law implied warranty in service contracts.
In addition, the defenses available to the defendant and the extent of recoverable damages in a claim based on breach of warranty are not the same as in a negligence action. Contributory negligence and assumption of the risk, in the case at hand, would not be defenses on the issue of whether there had been a breach of implied warranty. The damages resulting from the explosion, however, may not be recoverable in a breach of implied warranty claim if the injuries resulted from an independent cause which would relieve defendants of liability for such damages. See Dallison v. Sears, Roebuck & Co., 313 F.2d 343 (10th Cir.); Annot., 4 A.L.R.3d 501. See generally Rosenbaum, Contributory Negligence as a Defense to Warranty Actions, 39 Temp.L.Q. 361 (1966). The trial court erred in dismissing plaintiffs' breach of warranty claim.

II. JURY INSTRUCTIONS
Plaintiffs contend that the trial court erred in instructing the jury on foreseeability in connection with plaintiffs' negligence claim. We agree. The foreseeability instruction, Colorado Jury Instructions 9:28, reads as follows:
"Defendant's negligence, if any, is not the proximate cause of any injury to the plaintiff unless injury to a person in the plaintiff's situation was a reasonably foreseeable consequence of that negligence. The exact or precise injury need not have been foreseeable. It is sufficient if a reasonably prudent person, under the same or similar circumstances, would have anticipated that injury to a person in the plaintiff's situation might result from the defendant's conduct."
This instruction is necessary only when the evidence presents a jury question on whether the injured party was a person within the foreseeable zone of danger created by defendant's negligence and thus was owed a duty by defendant. See W. Prosser, Torts § 43 (4th ed.). There is no question in this case that defendants owed plaintiffs a duty of care in installing the propane system. Submission of the foreseeability instruction presented to the jury an element not properly before it in the instant case. The verdict does not preclude the possibility that the jury considered "foreseeability" as it related to the reasonableness of defendants' conduct in laying the pipe, as counsel for defendants in final argument asserted it should, as opposed to defining the duty owed by defendants. The giving of the instruction was therefore reversible error.
We find no error in the other issues raised by plaintiffs.

III. CROSS-APPEAL BY THIRD-PARTY DEFENDANT
Continental Casualty Company issued a comprehensive liability insurance policy covering Veterans for the period of September 1, 1960, to September 1, 1961, which included a covenant to defend suits filed against Veterans alleging injury caused by accident. Defendants impleaded Continental into the suit brought by the Chutiches, contending that because plaintiffs' complaint alleged that the negligent acts occurred in October 1960, Continental was liable under the policy for any damages *1368 awarded and for the costs of litigation. Prior to trial of the main issues, the court granted Veterans' motion for summary judgment on the third-party complaint. The issue raised on appeal is whether the insurance company is liable in suits alleging negligent acts occurring within the time limitations of the policy, but not causing injury until after the policy has expired.
Continental argues that the court's ruling is in error because the policy is limited by its terms to "accidents which occur during the policy period" and the accident in this case did not occur until 1966, long after the policy expired. We agree and reverse.
The trial court based its decision on the theory that the "accident" in this case was a continuing process which began when the pipe was allegedly negligently installed in 1960, and culminated in an explosion in 1966. We do not agree with this interpretation. The insurance policy in question is not ambiguous; it covers only those injuries which are the result of accidents occurring during the period the policy was in force. The "accident" causing injury in this case occurred at the time of the explosion, not when the allegedly wrongful act was committed. Home Mutual Fire Insurance Co. v. Hosfelt, 233 F.Supp. 368 (D.C.Conn.); Smedley Co. v. Employers Mutual Liability Insurance Co., 143 Conn. 510, 123 A.2d 755; see A. D. Irwin Investments, Inc. v. Great American Insurance Co., 28 Colo.App. 570, 475 P.2d 633. As the court stated in Hosfelt, supra,
"To stretch the scope of `accident' backward in time to reach the date of the earliest beginning of any prior event which might be regarded as having a causal relation to the unlookedfor mishap would introduce ambiguity where none now exists."
The judgment of the trial court as between the Chutiches and Veterans Gas & Service, Inc., and the last board of directors of Veterans is reversed, and the cause remanded with directions to reinstate the claim based on an implied warranty and for a new trial on all issues in both claims for relief. The judgment entered on the cross-appeal between Veterans and Continental Casualty Company is reversed and the cause remanded with directions to enter judgment for the third-party defendant insurance company.
SILVERSTEIN, C.J., and SMITH, J., concur.