Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

(January 19, 1921.)

ED. F. EATON, Plaintiff, v. H. P. GLINDEMAN, Mayor of the City of Coeur d'Alene, Defendant.

[195 Pac. 90.]

MUNICIPAL FINANCES—APPROPRIATION—CASUALTY OR ACCIDENT—RESOLUTION OF COUNCIL—STATUTORY CONSTRUCTION.

1. C. S., sec. 4056, prohibits the mayor and council of a city from appropriating money out of the city treasury unless the same has been duly appropriated by ordinance according to law, with the proviso that the council may order by a two-thirds vote "the repair or restoration of any improvement, the necessity of which is caused by any casualty or accident happening after such annual appropriation is made, and may by a like vote order the mayor and finance committee to borrow a sufficient sum to provide for the expense necessary to be incurred." *Held*, that it is not made to appear that the progressive decay of the underside of the planks of the municipal wharf is a casualty within the meaning of the proviso.

2. A resolution of a city council reciting that the necessity for incurring expense for the repair of a municipal wharf is due to a casualty or accident occurring after the annual appropriation was made, and directing the mayor to negotiate a loan on behalf of the municipality for the purpose of obtaining the necessary funds, confers no authority upon the mayor when the admitted facts do not bring the matter within the purview of the proviso to C. S., sec. 4056.

1. Power of municipal corporation to make appropriation by resolution, see note in 6 Ann. Cas. 471.

Original application for writ of mandate.  *Denied.*

Fred D. Crane, for Petitioner.

The power of a city council to proceed under the provisions of C. S., sec. 4056, has been upheld in the case of *Hickey v. City of Nampa,* 22 Ida. 41, 124 Pac. 280.

Webster defines casualty as "that which comes without design or without being foreseen, a contingency." 6 Cyc. 701 defines casualty as "inevitable accident, event not to be foreseen or guarded against." Bouvier defines accident as "an event which under the circumstances is unusual and unexpected to the person to whom it happened." Bouvier defines casualty as "inevitable accident. Unforeseen circumstances which should be guarded against by human agency and in which man takes no part."

In the ordinary sense the term "casualty" is synonymous with the terms "inevitable accident" or "act of God." (*Polack v. Pioche,* 35 Cal. 416, 95 Am. Dec. 115.)

R. D. Leeper, for Defendant.

BUDGE, J.—This is an original application to this court for a writ of mandate to require the defendant as mayor of the city of Coeur d'Alene to borrow and expend money for rebuilding a wharf owned by the city, and situated at the south end of First Street.

An alternative writ was issued and an answer filed thereto. The facts, which are stipulated, are briefly as follows:

The wharf is used as a public landing place for passengers and freight; plaintiff, who is a resident of Coeur d'Alene, is the owner of a small passenger boat plying on the lake for hire, makes daily use of the wharf in conducting his business, and if the wharf is closed he will be deprived of a landing place. Prior to the enactment of their annual appropriation bill on June 14, 1920, the mayor and city council inspected the wharf and concluded that it would be possible to maintain it during the fiscal year in a condition for customary use by means of piecemeal repairs, but within

the past three months the wharf has gone to pieces to such an extent as to render its further use by the public impossible without immediate repair of the whole thereof. The wharf is constructed of common red fir and tamarack planks, which have rotted from the inside outward. An estimate in the sum of $2,500 has been obtained as the probable cost of such repair.

The council in regular session on December 13, 1920, by a two-thirds vote of its members, passed a resolution reciting the condition of the wharf, that it was necessary to close it to public travel, that an emergency existed, that the necessity for repairing the wharf was due to a casualty or accident occurring after the annual appropriation for the fiscal year of 1920–21 had been made by the council, and, in order that the same be placed in a serviceable condition, authorizing and directing the mayor to negotiate a loan on behalf of the municipality and to sign evidence of indebtedness as mayor, for the purpose of obtaining the necessary funds, which he refuses to do.

It is contended by plaintiff that the condition of the wharf is due to a casualty within the meaning of the proviso of C. S., sec. 4056; that it was, therefore, within the power of the council to adopt the resolution heretofore referred to, and the duty of the mayor to comply therewith. On the other hand, defendant insists that the condition of the wharf is not the result of a casualty, and that the action of the council was, therefore, without authority in law.

Sec. 4056, *supra,* provides:

"The mayor and council . . . . shall have no power to appropriate, issue or draw any order or warrant on the treasurer for money unless the same has been appropriated or ordered by ordinance, or the claim for the payment of which such order or warrant is issued, has been allowed according to the provisions of this chapter, and appropriations for the class or object out of which such claim is payable has been made as provided in section 4053. Neither the city council . . . . nor any department or officer of the corporation, shall add to the corporation expenditures in any one

year anything over and above the amount provided for in the annual appropriation bill for the year, except as herein otherwise specially provided; and no expenditures for an improvement to be paid for out of the general fund of the corporation shall exceed in any one year the amount provided for such an improvement in the annual appropriation bill.

"*Provided, however,* That nothing herein contained shall prevent the city council . . . . from ordering, by two-thirds vote, the repair or restoration of any improvement, the necessity of which is caused by any casualty or accident happening after such annual appropriation is made.

"The city council . . . . may, by a like vote, order the mayor . . . . and finance committee, to borrow a sufficient sum to provide for the expense necessary to be incurred in making any repairs or restoration of improvements, the necessity for which has arisen as is last above mentioned, for a space of time not exceeding the close of the next fiscal year, which sum and the interest shall be added to the amount authorized to be raised in the next general tax levy, and embraced therein."

We have, therefore, but one question involved, viz.: Is the present condition of the wharf the result of a casualty or accident within the meaning of sec. 4056, *supra?*

"Casualty" is a word of quite frequent use, yet it cannot be said that its definition has been very accurately settled by the courts. It has been said that strictly and literally the word "casualty" is limited to injuries which arise solely from accident, without any element of conscious human design or intentional human agency; something not to be foreseen or guarded against; something that happens not in the usual course of events; the word "casualty" being synonymous with accident.

Sec. 4056, *supra,* prohibits the mayor and council from appropriating moneys out of the city treasury in case the same has not been duly appropriated by ordinance, unless such expenditure is warranted by the proviso therein.

Plaintiff insists that the necessity has arisen so as to constitute a casualty or accident within the meaning of those

words as employed in said proviso. While the city council may in the first instance determine as to the necessity for an improvement, and whether such necessity is the result of casualty or accident, such determination is only *prima facie*. The city council has no power to declare that the necessity for an improvement or the restoration of property is due to a casualty or accident when it is not. From the stipulation of facts it does not appear that the progressive decay of the underside of the planks of the wharf is a casualty or accident within the meaning of the above proviso. It must so appear to justify the issuance of the writ.

This case is readily distinguished from the case of *Hickey v. City of Nampa,* 22 Ida. 41, 124 Pac. 280. In that case the city owned a water system, consisting of wooden pipes and a pumping station by means of which water was pumped from a well for the use of the inhabitants of the municipality. The city also had fire equipment and apparatus for fighting and extinguishing fire. A fire broke out in the business section of the city, the water supply was exhausted, and water was pumped directly through the mains, resulting in bursting a large amount of the wooden pipe. The occasion of the destruction of the water system was brought about by the fire, which was clearly a casualty, and this court so held. It was something that could not have been foreseen or guarded against, while in the instant case, in the usual course of events, it would be necessary from time to time to repair or rebuild the wharf.

It was evidently the purpose of the council, without adopting an ordinance authorizing the expenditure or obtaining the sanction of a majority of the legal voters, either by petition signed by them or at a general election duly called therefor, to obligate the municipality for the payment of a sum sufficient in their judgment to replace the wharf. We do not question the motives of the council, but entertain the view that their act was in excess of the powers conferred upon them under the statutes and void.

As was said in the case of *Chicago v. Nichols,* 177 Ill. 97, 52 N. E. 359: "The prohibition against the appropriation

or expenditure of the public funds of the city in excess of the amount provided for by the general appropriation bill or ordinance was enacted for the protection of the taxpayers, and we have neither power nor the inclination to limit its lawful application. If exceptions to such prohibition, other than those found in the statute, ought to be made, the legislative power ought to be invoked. Courts have power to construe and enforce statutes, but not to enact or amend them.''

The writ will be denied, and it is so ordered. Costs are awarded to defendant.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.