HOME MUTUAL FIRE INSURANCE CO.

v.

William J. and Mary E. HOSFELT and Dorothy Lessor.

Civ. No. 8402.

United States District Court
D. Connecticut.
April 30, 1962.

Gordon, Muir & Fitzgerald, William P. Aspell, Hartford, Conn., for plaintiff.

Steele & Maxwell, Hartford, Conn., for defendants Wm. J. Hosfelt and Mary E. Hosfelt.

Schatz, Weinstein & Seltzer, Hartford, Conn., for defendant Dorothy Lessor.

BLUMENFELD, District Judge.

The diversity of citizenship between the parties and the requisite jurisdictional amount in controversy to invest this court with jurisdiction under 28 U.S.C. § 1337, both exist to permit consideration of this case within the provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201.

In this action for a declaration of non-liability, under an Owners, Landlords and Tenants Liability Policy which provides insurance protection against liability imposed upon the named insureds having an interest in certain premises, the parties have filed a stipulation of facts which incorporates, by reference, a policy [OLT—60771] of insurance issued on January 9, 1959 by the plaintiff company to the defendants William J. and Mary E. Hosfelt, covering their liability as owners of a two-family house in West Hartford, Connecticut. The other party defendant is Dorothy Lessor, of West Hartford, Connecticut.

Dorothy Lessor has brought an action in the state court seeking damages for personal injuries alleged to have been sustained on May 13, 1959 as the result of an accident caused by plaster falling from the ceiling of the bedroom in the upstairs apartment, which she occupied as the tenant in this two-family house.

The problem arises because the Hosfelts sold this house to the Maffuccis on April 30, 1959, apparently subject to the tenancy of Dorothy Lessor. (The Maffuccis have not appeared in this action and are not parties to the stipulation.) On April 30, 1959, the insurance policy was cancelled, effective as of that date, and thereafter unearned premiums in the amount of $45.64 were returned to the Hosfelts by the company. The Hosfelts seek the protection afforded by the policy, since Dorothy Lessor alleges in one count of her state court action that they were negligent in that they knew of the dangerous and defective condition of the ceiling which fell, and neither took steps to correct it nor warned their vendees, the Maffuccis, about it, knowing that she would continue to tenant the apartment.

After calling attention to what they regard as the pertinent portions of the contract:

"COVERAGE A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the hazards hereinafter defined.

"DEFINITION OF HAZARDS

"Division 1—Premises—Operations: The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto.

"VII. POLICY PERIOD, Territory: This policy applies only to accidents which occur during the policy period within the United States of America, its territories or possessions, or Canada."

they contend that there is a gap in the protection afforded, since "No portion of the policy covers the exact situation where liability arises during the policy period and injury occurs afterward * *

there is an ambiguity * * * which must * * * be resolved in favor of the insured."

But another provision in the policy specifically makes a bridge available for that period of risk which the defendants argue is necessarily unprotectable because of Clause VII's limitation of coverage to accidents which occur during the policy period. Clause VI reads:

"ALIENATED PREMISES; Such insurance as is afforded by this policy under Division 1 of the Definition of Hazards applies to premises alienated by the named insured, if the accident occurs after the named insured has relinquished possession thereof to others. This insuring agreement does not apply to premises constructed for sale by the named insured or over which the named insured has any right of control."

With Clause VI present, the question is no longer whether the Hosfelts had an insurable interest after they sold the property which could have been protected, but whether they were entitled to the protection which was obtainable in spite of the cancellation of the policy and their receipt of the return of the unearned premiums before any liability to Dorothy Lessor accrued. This leads to the next question.

The defendants argue that because the loosening of the plaster before it fell took place while they were still owners of the premises, "accident" should be defined as embracing the whole process of loosening and falling, and the Hosfelts are, therefore, "insured for so much of the 'accident' as thus defined as took place prior to April 30, 1959."

On any non-technical reading of the language "This policy applies only to accidents which occur during the policy period", the word "accident" means "accident". An accident has been defined repeatedly as "an 'unlooked-for mishap or an untoward event or condition not expected'." St. John v. U. Piccolo & Co., Inc., 128 Conn. 608, 611, 25 A.2d 54 [cases cited]; Galluzzo v. The State, 111 Conn. 188, 193, 149 A. 778. That an accident may be definitely located as to time when and place where, makes its use most appropriate as the single test to determine whether liability under the policy arises within its specified period. To stretch the scope of "accident" backward in time to reach the date of the earliest beginning of any prior event which might be regarded as having a causal relation to the unlooked-for mishap would introduce ambiguity where none now exists.

All insurance, whether effective so long as premiums are paid, as in health and life policies, or for a fixed period, as in fire policies, begins and ends at some point of time. While it is arguable that the liability of an insurer should attach at the time of the negligent act, the proper rule seems to be that the liability accrues when the cause of action arises. Tulare County Power Co. v. Pacific Surety Co., 43 Cal.App. 315, 185 P. 399; Export S. S. Corporation v. American Ins. Co., 3 Cir., 106 F.2d 9. It might be more desirable for an insured to have protection which indemnifies him against all liability arising from causative forces which come into being while the policy is in force, regardless of when the event which initiates liability occurs, rather than insurance which protects him from liability which accrues only within the term of the policy. This purpose can easily be carried out by a proper wording of the policy; but the wording in the policy under consideration here does not permit such a construction. The injuries which gave rise to a claim for damages against the Hosfelts were caused by an "accident" which occurred after the policy had been terminated. The policy does not apply to that claim.

Judgment may be entered for the plaintiff against the defendants William J. and Mary E. Hosfelt and Dorothy Lessor, in accordance with its prayer for relief in the "WHEREFORE Clauses 1 and 2".