446 P.2d 490

**CENTURY MUTUAL INSURANCE CO.,**
a corporation, Appellant,

v.

**SOUTHERN ARIZONA AVIATION, INC.,**
a corporation, Appellee.

No. 2 CA–CIV 526.

Court of Appeals of Arizona.

Nov. 7, 1968.

Rehearing Denied Dec. 10, 1968.

Review Denied Jan. 21, 1969.

Lee Galusha, Phoenix, for appellant.

John Wm. Johnson, Tucson, for appellee.

MOLLOY, Judge.

A liability insurance policy was applicable, by its terms, only to "accidents" which occurred during the life of the policy. The question for decision is whether the policy provided coverage for injuries received, after expiration of the policy, which were caused by negligence occurring during its life.

The plaintiff-appellee corporation operates an airport and related facilities in Pima County. One of the services offered is the sale, maintenance, and repairing of propellers for airplanes. On June 25, 1962, the appellant insurance company issued to appellee an "Airport Liability Policy." The policy period set forth therein extended for one year from the date of issuance. The policy contained, under the general heading "Definition of Hazards," the following provision:

"V   Policy Period, Territory
    "This policy applies only to accidents which occur during the policy period within the United States of America, Canada, or Newfoundland."

The policy expired in accordance with its terms. In March of 1964, a suit was

filed against appellee by Walter and Ewana McClune, husband and wife, dba McClune Aviation and Air Freight, alleging that, on August 31, 1963, their airplane was damaged in an airplane accident. The McClunes alleged that the damage was caused by a malfunctioning propeller, purchased from appellee and negligently serviced and inspected by appellee, which alleged negligence took place during the term of the insurance policy we are here considering. Appellee called upon appellant to assume defense of the suit brought by the McClunes, under a provision of the policy obligating the insurance company to defend against claims for which the policy provided coverage, even if the claim asserted was " * * * groundless, false, or fraudulent."

After conducting an investigation of the claim in suit, appellant declined to assume the defense, on the ground that the damages claimed by the McClunes resulted from an accident which occurred after expiration of the policy. Appellee thereafter successfully defended the suit, and now seeks damages from appellant for all of its expenses incurred in the course of that defense, plus interest and attorney's fees in the present case.

Appellant conceded that, but for the fact that the accident giving rise to the McClunes' damages occurred after expiration of the policy, there would be coverage with respect to the damages alleged, and consequent liability on the part of appellant to appellee. The trial judge, in ruling upon cross motions for summary judgment on the undisputed facts, considered that the time of the occurrence of the alleged negligence was controlling. We find ourselves in disagreement with the conclusion reached by the trial court. We think that, under the clear terms of the policy and a considerable body of applicable case law, appellant is entitled to judgment.

Courts which have construed provisions similar to the "Policy Period" provision quoted above, and similar facts, have refused to consider the time of the wrongful act alleged as the time of the "occurrence" or "accident" within the meaning of the limiting provision. One of the leading cases in the field is Remmer v. Glens Falls Indemnity Company, 140 Cal.App.2d 84, 295 P.2d 19, 57 A.L.R.2d 1379 (1956). In that case, the insureds, having a comprehensive personal liability policy, graded and filled their land during the term of the policy, and after its cancellation, a landslide allegedly resulting from the grading and filling occurred, damaging adjoining property. In holding that the policy did not afford coverage, the court stated, at 295 P.2d 21, 57 A.L.R.2d 1383:

> "The general rule is that the time of the occurrence of an accident within the meaning of an indemnity policy is not the time the wrongful act was committed, but the time when the complaining party was actually damaged."

The many supporting authorities cited by the court and others are collected in an annotation at 57 A.L.R.2d 1385 et seq.

One of the most cogent statements of the rule is found in the case of Home Mutual Fire Insurance Co. v. Hosfelt, 233 F.Supp. 368 (D.Conn.1962). The Owners, Landlords and Tenants Liability Policy considered in that case contained a policy period provision nearly identical with the one in the present case. In denying coverage for injuries resulting from falling plaster which had allegedly been loosened prior to cancellation of the policy, the federal district court stated, at 233 F.Supp. 370:

> "All insurance, whether effective so long as premiums are paid, as in health and life policies, or for a fixed period, as in fire policies, begins and ends at some point of time. While it is arguable that the liability of an insurer should attach at the time of the negligent act, the proper rule seems to be that the liability accrues when the cause of action arises. Tulare County Power Co. v. Pacific Surety Co., 43 Cal.App. 315, 185 P. 399; Export S. S. Corporation v. American Ins. Co., 3 Cir., 106 F.2d 9. It might be more desirable for an insured to have protection which indemnifies

him against all liability arising from causative forces which come into being while the policy is in force, regardless of when the event which initiates liability occurs, rather than insurance which protects him from liability which accrues only within the term of the policy. This purpose can easily be carried out by a proper wording of the policy; but the wording in the policy under consideration here does not permit such a construction. The injuries which gave rise to a claim for damages against the Hosfelts were caused by an 'accident' which occurred after the policy had been terminated. The policy does not apply to that claim." And see also Silver Eagle Co. v. National Union Fire Insurance Co., 423 P.2d 944 (Ore.1967), giving effect to a similar clause in a products liability insurance policy in a case which arose after the insurer had cancelled the policy.

Appellee contends that the language of the insuring agreement obligating the insurer to pay "all sums" and the insurer's duty to defend "any suit" against the insured is broad and comprehensive and not effectively qualified by the assertedly ambiguous language of the "Policy Period" provision. Without burdening this opinion by setting out at length all of the clauses and provisions in question and their juxtapositional relationship, it will suffice to say that we find a clearly stated qualifying relationship set forth in the policy between the "Policy Period" provision and the risks and duties assumed by the insurer. See generally the discussion of a somewhat similar contention of ambiguity in Lawrence v. Beneficial Fire & Casualty Ins. Co., 8 Ariz.App. 155, 444 P.2d 446 (1968).

No ambiguity is created by the lack of a definition for the term "accident" as used in the quoted provision. The word "accident," as used in insurance policies, has frequently been defined as " '* * * an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force * * *' " Albu-

querque Gravel Prod. Co. v. American Emp. Ins. Co., 282 F.2d 218, 220 (10th Cir.1960). And see Malanga v. Royal Indemnity Company, 101 Ariz. 588, 422 P.2d 704 (1967). As used in this policy, giving to the word the meaning which a man of average understanding would, we think it clearly implies a misfortune with concomitant damage to a victim, and not the negligence which eventually results in that misfortune.

So construed, it becomes clear that there was no "accident," as alleged by the Mc-Clunes, until over a month after the policy in this case had expired. Appellee agrees that appellant's duty to defend is geared to coverage, which is to be measured by the allegations of the McClunes' complaint. Wilson v. Maryland Cas. Co., 377 Pa. 588, 105 A.2d 304, 50 A.L.R.2d 449 (1954); Remmer v. Glens Falls Indemnity Co., supra; and see Annot., 50 A.L.R.2d 458 et seq. The complaint negatived coverage, and appellant rightfully declined to defend against the claim asserted.

Judgment reversed with instructions to enter judgment for the defendant and appellant.

HATHAWAY, C. J., and KRUCKER, J., concur.