471 P.2d 55

**NATIONAL AVIATION UNDERWRITERS, INC., a corporation, Plaintiff-Appellant,**

v.

**IDAHO AVIATION CENTER, INC., a corporation which has forfeited its charter, through its directors and statutory trustees, H. P. Hill, W. H. Hill and Dorothy D. Hill, and Wilcox Construction Company, Inc., an Idaho Corporation, Defendants-Respondents.**

No. 10538.

Supreme Court of Idaho.

June 25, 1970.

Moffatt, Thomas, Barrett & Blanton, Boise, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondents Idaho Aviation Center, Inc., and H. P. Hill, W. H. Hill and Dorothy D. Hill.

Petersen, Moss & Olsen, Idaho Falls, for respondent Wilcox Const. Co., Inc.

McQUADE, Justice.

This appeal presents the question of when an "accident" occurs within the meaning of a liability indemnity policy.

Plaintiff-appellant National Aviation Underwriters, Inc., issued an insurance policy to defendant-respondent Idaho Aviation Center, Inc. The provisions of that policy which are relevant to this action are set out in the body of this opinion.

On September 7, 1965, defendant-respondent Wilcox Construction Company, Inc., purchased an airplane from the Idaho Aviation Center. On October 31, 1965, the insurance policy which appellant had issued to Idaho Aviation Center in 1962 was cancelled by Idaho Aviation. On January 5, 1967, well over a year after the sale of the airplane and the cancellation of the policy, the propeller of the Wilcox airplane failed, causing extensive damage to the plane. Wilcox then brought an action against Idaho Aviation, and defendants-respondents H. P. Hill, W. H. Hill and Dorothy D. Hill. The complaint in that action alleged that Idaho Aviation had breached its warranty of merchantability when it had sold the airplane and had been negligent while reassembling its propeller in September, 1965. Idaho Aviation and the Hills then demanded that National Aviation Underwriters defend the action and pay any damages resulting from it pursuant to the insurance policy which had been cancelled in 1965.

At that juncture appellant commenced this declaratory judgment action in the district court. The insurance company asked the district court for a declaration that

it was not obligated to Idaho Aviation, the Hills, or Wilcox Construction Company, under the cancelled insurance policy. Respondents admitted all of the factual allegations in appellant's complaint, alleged the counts in the complaint in the action brought by Wilcox Construction against Idaho Aviation Center, and asked the district court to declare that the insurance policy did cover the breach of warranty and negligence counts contained in the Wilcox complaint. There was no triable issue of fact remaining other than the interpretation of the insurance policy terms, and both parties moved for judgment on the pleadings. The motion of the respondents was granted, while that of appellant was not. From the order denying its motion and granting respondents' motion, National Aviation Underwriters, Inc., has brought this appeal. The only issue for this Court's determination is whether appellant is bound by its liability insurance policy contract to secure a policyholder against liability for damages due to breach of warranty of merchantability or negligent maintenance of an aircraft if the alleged breach and/or negligence occurred prior to the cancellation of the policy but the actual injuries were suffered after the cancellation.

The insurance policy issued by appellant to Idaho Aviation Center, Inc., was entitled "Combination Aircraft Policy." Under that policy appellant agreed:

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by occurrences and rising out of the ownership, maintenance or use of the aircraft."

Occurrence is defined in the policy as follows:

"*Occurrence.* The word 'occurrence' wherever used in this policy shall mean an accident, or a continuous or repeated exposure to conditions, which results in injury during the policy period, provided injury is accidentally caused. All damages arising out of such exposure to substantially the same general conditions shall be considered as arising out of one occurrence."

The policy further provided that,

"This policy applies only to occurrences, and losses to the insured aircraft which are sustained, during the policy period * * *."

Appended to this basic policy is an "Airport Liability Endorsement." In this endorsement, appellant agreed:

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the hazards hereinafter defined."

Hazards were defined as follows:

"*Division 2. Off Premises*—Accident(s) happening away from the named Insured's premises described in Item 2(b) of the above Declarations and away from other premises owned, rented, leased or controlled by the named Insured, provided that such accident(s) are caused as a result of the named Insured's business operations on the premises described in Item 2(b) of the above Declarations."

The declarations on the "Airport Liability Endorsement" provided that the insurance against off-premises hazards included coverage for products liability. Insurance under this endorsement applied only to accidents which occurred after the effective date of the endorsement and until the expiration of the policy.[1] The word "ac-

1. "IV. Period of Coverage, Territory
 "Insurance under this endorsement applies only to accidents which occur after the effective date of this endorsement and until the expiration of this policy within the United States of America, its

cident," as used in this endorsement, was defined as meaning, "an unforseen, unexpected event occurring without the will or design of the person whose mere act or failure to act caused it."

Respondents rely primarily on the language in the endorsement set out above. The language of the basic policy provisions precludes coverage of liability for damages claimed by Wilcox in this case. The outcome of this action turns, therefore, on the use of the word "accident" in the endorsement, especially in the policy period limitation clause.

Idaho Aviation Center contends that the "accident" in this case was the delivery of the airplane with an allegedly faulty propeller assembly or the allegedly negligent repair of the airplane in 1965. The event in 1967 which involved the damage of which Wilcox complains was, under Idaho Aviation Center's theory, merely the *result* of the "accident." Respondent Idaho Aviation concludes from this that the "accident" occurred within the life of the policy, although the injury caused by the "accident" occurred over a year later, and, therefore, that any legal liability for Wilcox's airplane's damage should be indemnified by appellant.

 We are unable to agree with this contention. The problem of interpretation of the word "accident" with respect to liability insurance policy period limitation clauses, although before this Court for the first time, has been considered by other courts in numerous cases. It is well settled that the time of the occurrence of an "accident," within the meaning of a liability indemnity policy, is not the time the wrongful act was committed but the time the complaining party was actually damaged.[2] Because this general rule is more likely to serve the purposes of indemnity insurance contracts and the interests of the parties and the courts by providing ease and certainty in determining rights and liabilities and because this interpretation is in accord with common understanding of the use of the word "accident," we hold that the "accident" in this case was the sudden occurrence of the propeller failure in January, 1967, when the injuries of which Wilcox complains were suffered.

Our holding is buttressed by the reasoning in the recent case of Century Mutual Insurance Co. v. Southern Arizona Aviation [3] decided by a Court of Appeals in Arizona. That case is factually indistinguishable from the one before us. It involved an airplane damaged because of propeller failure. The alleged negligent acts occurred within the policy period, but the airplane "accident" in which damage was incurred happened after the policy

territories or possessions, Canada or the Republic of Mexico, but not more than one hundred miles from the Mexico-United States international boundary."

2. Clauss v. American Insurance Co., 287 F.2d 873, 875 (3rd Cir. 1961) (Hastie, J.) ; Century Mut. Ins. Co. v. Southern Arizona Aviation, 8 Ariz.App. 384, 446 P.2d 490 (1968) ; Neumann v. Wisconsin Natural Gas Co., 27 Wis.2d 410, 134 N.W.2d 474, 479–480 (1965); Landerman v. United States Fidelity & Guaranty Co., 25 Conn.Sup. 297, 203 A.2d 150, 150–152 (1964) ; Commercial Contractors Corp. v. American Ins. Co., 152 Conn. 31, 202 A.2d 498, 504 (1964) ; Peerless Insurance Co. v. Clough, 105 N.H. 76, 193 A.2d 444, 446 (1963) ; Protex-A-Kar Co. v. Hartford Accident & Indem. Co., 102 Cal.App.2d 408, 227 P.2d 509, 512 (1951); Farmers Cooperative Soc. No.

1 v. Maryland Cas. Co., 135 S.W.2d 1033, 1036–1037 (Tex.Civ.App.1939) ; Annot., 57 A.L.R.2d 1385 (1958) ; see Bituminous Casualty Corp. v. Horn Lumber Co., 283 F.Supp. 365, 371 (W.D.Ark.1968) ; Muller Fuel Oil Co. v. Ins. Co. of No. Amer., 95 N.J.Super. 564, 232 A.2d 168, 175 (1967) ; Remmer v. Glens Falls Indemnity Co., 140 Cal.App.2d 84, 295 P. 2d 19, 21, 57 A.L.R.2d 1379, 1381 (1956) ; Perma Fit Shoulder Pad Co. v. Tailored Trend, Inc., 147 N.Y.S.2d 356, 358 (Sup. Ct.1955); Tulare County Power Co. v. Pacific Surety Co., 43 Cal.App. 315, 185 P. 399, 403–404 (1919) ; cf. Berger Bros. Electric Motors v. New Amsterdam Cas. Co., 293 N.Y. 523, 58 N.E.2d 717, 718 (1944) ; see generally Eaton v. Glindeman, 33 Idaho 389, 392, 195 P. 90 (1921).

3. *Supra,* note 2.

had expired. The relevant terms of the policy there were functionally identical to those in this case. After a careful review of several cases from different jurisdictions, the Arizona Court held that the "accident," as that word was used in liability insurance policies, referred to the post-policy period propeller failure, the event in which damage to the airplane occurred. In so holding, the Court said:

"As used in this policy, giving to the word the meaning which a man of average understanding would, we think it clearly implies a misfortune with concomitant damage to a victim, and not negligence which eventually results in that misfortune." [4]

We agree with the Arizona Court.

Respondent cites Shields v. Hiram C. Gardner, Inc.,[5] in support of the proposition that "accident" refers to a negligent act. The issue in that case was whether "accident," as used in a special endorsement to a general liability insurance policy, referred to a failure of seeds sold by the insured to germinate in Mexico or to a mistaken mechanical mixture in United States which caused the failure ultimately to occur in order to determine if a territorial limitation provision in the policy barred recovery from the insurer. The majority of this Court in *Shields* held that the coverage in the insurance policy involved in that case extended to negligent acts of the insured only by virtue of express language to that effect in the endorsement. No such language altering the ordinary meaning of the word "accident" may be found in the insurance policy or the endorsements to it which are before us in this case. *Shields* is not, therefore, precedent for Idaho Aviation Center's position.

For the reasons set out above, we are of the opinion that the district court erred in rendering judgment in favor of respondents and in refusing to render judgment in favor of appellant.

4. 446 P.2d, at 492.

Judgment reversed and remanded with directions to render judgment in favor of appellant.

Costs to appellant.

McFADDEN, C. J., and DONALDSON, SHEPARD, and SPEAR, JJ., concur.

5. 92 Idaho 423, 444 P.2d 38 (1968).