594 P.2d 546

OUTDOOR WORLD, an Arizona Corporation, Appellant,

v.

CONTINENTAL CASUALTY COMPANY, a corporation, Appellee.

No. 1 CA–CIV 4090.

Court of Appeals of Arizona, Division 1, Department B.

April 19, 1979.

Engdahl, Jerman & Estep, by Dean Estep, Phoenix, for appellant.

Gust, Rosenfeld, Divelbess & Henderson, by Richard A. Segal, Phoenix, for appellee.

## OPINION

OGG, Chief Judge.

On July 14, 1975, the plaintiff/appellant, Outdoor World, filed suit against the defendant/appellee, Continental Casualty Company, seeking a declaratory judgment regarding its right to indemnification for the expense of defending itself in a suit brought by a customer for breach of warranty. The parties submitted the case to the court on stipulated facts, and the court granted judgment in favor of Continental.

One issue is raised on appeal: is an insured entitled to indemnification for costs of defending a lawsuit for injuries occurring after the expiration of a general liability policy when the supposed malfeasance giving rise to the suit occurred during the term of the policy? The judgment of the trial court is affirmed.

The stipulated facts may be summarized as follows: Continental issued a general liability insurance policy to Outdoor World covering the period of November 1968 to November 1971. Outdoor World sold a customer a boat in September 1969 in which it had installed a steering mechanism. On August 11, 1973, the customer was injured in an accident involving the steering device.

The customer filed suit against Outdoor World, who then requested Continental to defend under the terms of the liability policy. The carrier declined to defend, claiming that there was no coverage because the accident did not occur during the policy period.

Outdoor World successfully defended the suit but incurred substantial attorneys fees and costs in the process. It then filed this lawsuit against Continental for indemnification for the expenses so incurred.

Outdoor World asserts that the accident was covered by the following provisions of its insurance policy:

"[C]ompleted operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, . . . "Operations" include materials, parts or equipment furnished in connection therewith.

. . . . .

"[P]roduct hazard" includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, . . .

It does not appear that the parties dispute that had the injury occurred during the period of the policy, Continental would have been obligated to defend Outdoor World under the above provisions.

Continental asserted, however, that coverage was limited to those injuries which occur during the term of the policy by this definition of "occurrence":

"[O]ccurrence" means an accident, including injurious exposure to conditions, which results, *during the policy period,* in bodily injury or property damage neither expected nor intended from the standpoint of the insured; . . . (Emphasis added).

On appeal, Outdoor World first attempts to establish the existence of an ambiguity in the insurance policy by pointing to the phrases in the sections, upon which liability could be based, which say "made at any

time with respect thereto". It further argues that the definition which limits coverage to those "accidents" which occur during the term of the policy is somewhat removed in location in the policy from the other provisions. It also cites the language of a defense endorsement which says:

In the event of the cessation of the obligation of all underlying insurers either to investigate and defend the insured or to indemnify the insured or to pay on behalf of the insured the costs and expenses of investigating and defending the insured, then the company shall either

(a) assume the duty of investigating and defending the insured against suits seeking damages otherwise covered under this policy, or

(b) indemnify the insured for the reasonable costs and expenses of investigating and defending suits seeking damages otherwise covered under this policy, whichever the company may elect.

■ We do not think Outdoor World has established an ambiguity on the face of the policy. The provisions of an insurance policy are not read in isolation, but rather must be read as a whole. Ambiguity is not established from the fact that definitions appear in different locations. *See Schwab v. State Farm Fire & Casualty Co.,* 27 Ariz. App. 747, 558 P.2d 942 (1976). The policy clearly states that it is applicable only to "accidents" which result in injury "during the policy period". Further, both parties have failed to explain the proper interpretation of the endorsement; however, it does *clearly state,* "This endorsement forms a part of and is for attachment to the following policy . . . and *expires concurrently* with said policy." (Emphasis added).

Outdoor World attempts further to establish an ambiguity by citing *Sylla v. United States Fidelity and Guaranty Co.,* 54 Cal. App.3d 895, 127 Cal.Rptr. 38 (1976), to demonstrate that other courts have construed similar language in favor of coverage because the language is ambiguous. In *Sylla* a customer purchased an auto from a dealer during the period of the dealer's liability policy. The purchaser was injured after the termination of the policy and sued the dealer for negligent repairs and strict liability. The liability carrier declined to defend the dealer because the policy did not cover this "occurrence". "Occurrence" was defined as an "'accident . . . which results, during the policy period, in bodily injury or property damage.'" The Second District of the California Court of Appeals explained on review that since an accident is that which is unintended, and a negligent act is unintended as well as the damage flowing therefrom, the policy could apply to either the act or the damage and was therefore ambiguous.

*Sylla* has been seriously questioned in a more recent California case written by the First District of that Court. In *Maples v. Aetna Casualty and Surety Co.,* 83 Cal. App.3d 641, 148 Cal.Rptr. 80 (1978), an installer of heating equipment installed a boiler in a home during the period of his liability policy. The boiler caught fire after the expiration of the policy and the carrier declined to defend the installer against a suit by the homeowner. The First District in interpreting language almost identical to that of *Sylla* found no ambiguity and followed an opposite rule. The court carefully scrutinized *Sylla* and explained:

Review of this seemingly unbroken line of authority finding that the term "accident" unambiguously refers to the event causing damage, not the earlier event creating the potential for future injury, leads to the question of how the courts in *Oil Base* and *Sylla* were able to reach results contradicting this line of authority. Neither *Oil Base* nor *Sylla* acknowledges any of the above-cited California or out-of-state authorities, which strongly suggest that they were not briefed or argued. 83 Cal.App.3d at 647–648, 148 Cal.Rptr. at 84.

It then specifically reaffirmed earlier California decisions to the contrary.[1]

1. It reaffirmed *Remmer v. Glens Falls Indemnity Co.,* 140 Cal.App.2d 84, 295 P.2d 19 (1956), a case relied upon by Division Two of this Court in the analogous case of *Century Mutual Insur-*

However, even if *Sylla* is a valid authority holding language similar to that in this case to be ambiguous, we are not compelled by *Federal Insurance Co. v. P.A.T. Homes, Inc.*, 113 Ariz. 136, 547 P.2d 1050 (1976), to find an ambiguity. In *Thompson v. Government Employees Insurance Co.*, 122 Ariz. 18, 592 P.2d 1284 (1979), we explained that *Federal Insurance Co. v. P.A.T. Homes, Inc.* does not require an automatic finding by an appellate court that ambiguity exists by virtue of different jurisdictions reaching different conclusions regarding the interpretation of similar language in insurance policies. We explained that such a conflict is merely a strong indication of ambiguity and that each court must examine the facts of each case and make the determination for itself.

█ We have examined the cases relating to the definition of "accident" as used in this policy and find that the clear weight of authority is:

> [T]hat the time of the occurrence of an "accident," within the meaning of an accident indemnity policy, is not the time the wrongful act was committed but the time [when] the complaining party was actually damaged. Annot., 57 A.L.R.2d 1385, 1389 (1958).

*See, e. g., National Aviation Underwriters, Inc. v. Idaho Aviation Center, Inc.*, 93 Idaho 668, 471 P.2d 55 (1970). One commentator has explained circumstances in product liability situations under which coverage will and will not be found:

> Product-caused loss not occurring during the term of the products liability policy has been held to be nevertheless within the coverage of the policy where the product in question was sold during the policy term. [sic] and, under the language of the policy, coverage was *tied to the time of the sale of the product,* and not the time of the loss. But a contrary conclusion has been reached where the products liability policy in question expressly limited its coverage to *accidents occurring during the policy period.* (Emphasis added). 11 Couch on Insurance § 44, 385 at 762 (1963).

The provisions of this policy clearly fall into that second category in which coverage has been limited to accidents occurring during the policy period.

Division Two of this Court in *Century Mutual Insurance Co. v. Southern Arizona Aviation, Inc.*, 8 Ariz.App. 384, 446 P.2d 490 (1968), applied the general rule to a policy which said: " 'This policy applies only to accidents which occur during the policy period . . . .' " 8 Ariz.App. at 384, 446 P.2d at 490. In that case, an aviation service allegedly negligently serviced a customer's airplane propeller. The propeller malfunctioned and caused damage. The insurance carrier refused to defend the company because the accident occurred after the term of the policy. On appeal the court held:

> The word "accident," as used in insurance policies, has frequently been defined as " '* * * an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force * * *' " (Citations omitted). As used in this policy, giving to the word the standard meaning which a man of average understanding would, we think it clearly implies a misfortune with concomitant damage to a victim, and not the negligence which eventually results in that misfortune. 8 Ariz.App. 386, 446 P.2d at 492.

It is clear that the court adopted the general rule that coverage is determined by the time of the injury or damage and not the conduct on the part of the insured that gave rise to the injury or damage.

The clear weight of the authority is that the language in this policy is not ambiguous. *Century Mutual Insurance Co. v. Southern Arizona Aviation, Inc.; Scott v.*

ance Co. v. Southern Arizona Aviation, Inc., 8 Ariz.App. 384, 446 P.2d 490 (1968). *See also Insurance Company of North America v. Sam Harris Construction Company, Inc.*, 22 Cal.3d

409, 149 Cal.Rptr. 292, 583 P.2d 1335 (1978) (apparently recognizing the rule of *Remmer,* but holding use of "occurrence or accident" to be ambiguous).

*Keever,* 212 Kan. 719, 512 P.2d 346 (1973); *Silver Eagle Co. v. National Union Fire Insurance Co.,* 246 Or. 398, 423 P.2d 944 (1967); Annot., 57 A.L.R.2d 1385 (1958). We do not feel, in these circumstances, that by virtue of *Sylla* a contrary result is required. *Federal Insurance Co. v. P.A.T. Homes, Inc.; Thompson v. Government Employees Insurance Co.*

Applying this interpretation to the facts of the instant case, the accident occurred in August 1973, and the policy coverage ended in November 1971. Outdoor World is not entitled to indemnification under the terms of the contract.

The judgment of the trial court is affirmed.

SCHROEDER, P. J., and JACOBSON, J., concurring.