980 P.2d 963

**GRE INSURANCE GROUP, Plaintiff, Counter-defendant–Appellant,**

v.

**Wilfred GREEN and Jean Green, Husband and Wife; Victoria Schurz; and Lisa Mae Rhoades, Defendants, Counter-claimants–Appellees.**

No. 1 CA–CV 98–0331.

Court of Appeals of Arizona, Division 1, Department E.

May 18, 1999.

Ridenour, Swenson, Cleere & Evans, P.C. by Lloyd J. Andrews and Lee P. Blake, Phoenix, Attorneys for Plaintiff, Counter-defendant–Appellant.

Fred J. Pain, Jr. and John Greg Pain, Scottsdale, Attorneys for Defendants, Counter–claimants–Appellees.

OPINION

THOMPSON, Presiding Judge.

¶ 1 In this appeal, we consider whether one injured party in an automobile accident may recover twice the insurance policy's per-person limit for one accident where he has obtained judgments against the permissive driver for negligent driving and against the vehicle owner for negligent entrustment. We hold that under the policy at issue in this case, the double recovery is not allowed.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Lisa Mae Rhoades (Rhoades) was operating a vehicle owned by Victoria Schurz (Schurz) when Rhoades caused an accident in which Wilfred Green (Green) was injured. At the time of the accident, Rhoades was legally intoxicated and did not have a driver's license. Schurz was a passenger in the vehicle and had given Rhoades permission to drive it even though she knew Rhoades had been drinking.

¶ 3 Green and his wife sued Rhoades and Schurz. The trial court entered summary judgment against Rhoades, finding that her negligent operation of the vehicle proximately caused the accident. In addition, the trial court also entered summary judgment against Schurz, finding her liable for negligent entrustment of the vehicle to Rhoades.

¶ 4 At the time of the accident, Schurz's vehicle was covered by a GRE Insurance Group (GRE) automobile policy in which Schurz was the named insured. Because Rhoades was using the vehicle with permission, she was also included as an insured under the policy. The bodily injury liability limits of the policy were $15,000 for each person injured and $30,000 for each accident.

¶ 5 After obtaining judgments against Rhoades and Schurz, the Greens claimed that they were entitled to the aggregate policy limit of $30,000, which included $15,000 for Rhoades's separate negligence, and $15,000 for Schurz's separate negligence.[1] GRE disagreed, and when the Greens refused GRE's tender of $15,000 to satisfy the judgment against Rhoades and Schurz, GRE filed this declaratory action seeking a ruling that it was not obligated to pay more than $15,000 to the Greens.

¶ 6 Both parties filed motions for summary judgment. The Greens argued that Ariz. Rev.Stat. Ann. (A.R.S.) § 28–1170(B)(2)[2] and *Arizona Property & Cas. Ins. Guar. Fund v. Helme*, 153 Ariz. 129, 735 P.2d 451 (1987), mandated insurance coverage of $15,000 for the negligent entrustor plus $15,000 for the negligent operator when their negligent acts

concurred to cause injury. GRE argued that *Helme* did not control because the policy limits there applied "per occurrence," whereas GRE's policy stated that it would pay $15,000 for each person injured in any one accident regardless of the number of insureds.

¶ 7 The trial court granted the Greens' motion for summary judgment without comment and entered judgment awarding them $30,000 from the GRE policy issued to Schurz. GRE timely appealed from the judgment. We have jurisdiction pursuant to A.R.S. § 12–2101(B).

## DISCUSSION

¶ 8 The Greens argue on appeal, as they did below, that they are entitled to $30,000 from Schurz's GRE policy based on the language of A.R.S. § 28–1170(B)(2) and on the holding from *Helme* that multiple acts causing a single injury constituted multiple occurrences that were separately covered under the policy at issue. GRE asserts that *Helme* does not apply here because coverage under its policy turns on the meaning of "accident" rather than "occurrence" and. that A.R.S. § 28–1170(B)(2) does not require an insurer to pay more than its "per person injured" limits merely because more than one insured person is sued.

¶ 9 *Helme* involved the quadriplegia and subsequent death of a patient after one doctor failed to look at spinal x-rays when treating him and another doctor failed to review the x-rays before performing surgery on him. 153 Ariz. at 131–36, 735 P.2d at 453–58. The medical malpractice policy at issue indemnified insureds separately up to the limit per occurrence for "each occurrence" in which an insured became legally obligated to pay damages because of professional negligence. *See id* at 134, 735 P.2d at 456. The policy defined "occurrence" as "'any incident, act or omission, or series of related incidents, acts or omissions resulting in injury....'" *Id.* The *Helme* court determined that the number of causative acts, not the number of

---

1. The parties agree that Green's damages for bodily injuries exceed $30,000.

2. This section has since been renumbered as A.R.S. § 28–4009(A)(2).

5

injuries caused, determined the number of occurrences and thus concluded that "[m]ultiple acts causing a single injury will constitute multiple occurrences. . . ." *Id.* at 135, 735 P.2d at 457. *Helme* held that because the doctors' failures were separate causal acts of separate doctors on separate days, two occurrences led to the injury and death, and the patient's survivors could recover for two covered claims. *Id.* at 136, 735 P.2d at 458.

¶ 10 We find that *Helme* is distinguishable from this case because of a significant difference in the terms used in the policies. The GRE policy at issue here does not use the term "occurrence," as the policy in *Helme* did, to determine when coverage applies. *Id.* at 134, 735 P.2d at 456. Instead, the GRE policy uses the term "auto accident": "We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident." The limit of liability is also stated in terms of an "auto accident": "The limit of liability shown in the Declarations for this coverage is our maximum limit of liability for all damages resulting from any one auto accident."

¶ 11 The Greens note that the *Helme* court cited *Travelers Indem. Co. v. New England Box Co.*, which states that "the word 'accident' was intended to be construed from the standpoint of cause rather than effect." 102 N.H. 380, 157 A.2d 765, 769 (1960). In *New England Box Co.*, the court was dealing with insurance coverage for damage caused by a fire or fires to several properties. *Id.* at 767. The property owners argued that the damage suffered by each of them was a separate accident for coverage purposes. *See id.* There, the court had to look to the cause of the accident to determine whether a single cause produced the damage for which recovery was sought and reasoned that if there was only one cause, there was only one accident. *See id.* at 769. In the case before us, only one accident occurred. Therefore, in contrast to *New England Box Co.*, we do not have to construe the word "accident" from the standpoint of the cause rather than the effect.

¶ 12 The word "accident," as used in insurance policies, is generally defined as "an

undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." *Century Mut. Ins. Co. v. Southern Arizona Aviation, Inc.,* 8 Ariz.App. 384, 386, 446 P.2d 490, 492 (1968) (citations omitted). The usual understanding of the word "clearly implies a misfortune with concomitant damage to a victim, and not the negligence which eventually results in that misfortune." *Id.* Under this definition and the language of the GRE policy, we do not consider the causes of the accident that injured Green or any occurrences—meaning acts, incidents, or omissions—that led to the accident for purposes of interpreting the limit of liability. Instead, we look to the accident itself and the number of persons injured to determine the limit of liability.

¶ 13 The GRE policy issued to Schurz has a bodily injury liability limit of $15,000 for each person injured in an auto accident, with $30,000 as the maximum amount payable to injured persons in each accident. The policy states that these amounts are the most that GRE will pay regardless of the number of "insureds" or claims made. Thus, the number of insureds whose negligence caused the accident does not determine the amount payable under the policy. Instead, the amount payable is $15,000 for each person injured in an accident or a total of $30,000 for all persons injured if two or more persons are injured. Therefore, under the plain language of the policy, Green is entitled to $15,000 from the policy to compensate him for his injuries.

¶ 14 We understand the Greens' second argument to be that even if the policy is interpreted to provide for a payment of only $15,000 to Green for his injuries, this result cannot stand because it violates A.R.S. § 28–1170(B)(2). This statute provided that:

B. The owner's policy of liability insurance . . .

2. . . . shall insure the person named in the policy as the insured and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured against loss from the liability imposed by

law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles ... subject to limits exclusive of interest and costs, with respect to each motor vehicle as follows:

(a) Fifteen thousand dollars because of bodily injury to or death of one person in any one accident.

(b) Subject to the limit for one person, thirty thousand dollars because of bodily injury to or death of two or more persons in any one accident.

¶ 15 The purpose of the permissive user or omnibus clause of A.R.S. § 28–1170(B)(2) is to ensure that permissive users of vehicles are insured while they are driving in Arizona. *See Universal Underwriters Ins. Co. v. State Auto. and Cas. Underwriters,* 108 Ariz. 113, 114–15, 493 P.2d 495, 496–97 (1972) (statute requiring coverage for permissive users part of every policy regardless of whether policy expressly so states); *Principal Cas. Ins. Co. v. Progressive Cas. Ins. Co.,* 172 Ariz. 545, 547, 838 P.2d 1306, 1308 (App.1992) (purpose of permissive user clause is to protect motoring public from financial hardship that may result from use of vehicles by financially irresponsible persons). There is nothing in the language of the statute, nor do we find any other authority, that supports the argument that the statute requires insurers to cover the permissive user for negligently causing the accident *and* the named insured for negligent entrustment leading to the same accident so that one injured party may recover twice the statutory minimum. Rather, it seems that the intent of the statute is that, whether the named insured or a permissive user is operating the vehicle and causes the accident, the policy must provide at least $15,000 in coverage for each injured person subject to the overall per-accident limit. Thus, we conclude that A.R.S. § 28–1170(B)(2) does not prevent GRE from providing in its policy that the limit of liability for damages to one person in one auto accident is $15,000 regardless of the number of insureds or claims made.

¶ 16 Our conclusion that the Greens' recovery from the GRE policy is limited to $15,000 is consistent with similar holdings of courts in other states. In *Mid–Century Ins. Co. v. Shutt,* the injured person recovered from the Shutts' insurer the $100,000 limit for bodily injury sustained by one person in an occurrence. 17 Kan.App.2d 846, 845 P.2d 86 (1993). The injured person then sued the Shutts, alleging that they negligently entrusted their vehicle to their daughter, who caused the accident. *See id.* at 87.

¶ 17 The policy at issue in *Shutt* used the terms "accident" and "occurrence" interchangeably, *see id.* at 89, and defined them as "a sudden event, including continuous or repeated exposure to the same conditions, resulting in bodily injury or property damage neither expected nor intended by the insured person," *id.* at 87. The court determined that the definition of "occurrence" used in the Shutts' policy "is substantially different from the definition" in *Helme. See id.* at 88. Thus, the court concluded that there was a single event, the accident, that triggered liability, and therefore only one occurrence existed for which the injured party could recover. *See id.* at 89.

¶ 18 In *Helmick v. Jones,* Jones was test-driving a vehicle owned by Smith Ford when it struck Helmick. 192 W.Va. 317, 452 S.E.2d 408, 409 (1994). Helmick sued Jones for negligence and Smith Ford for negligent entrustment. *See id.* at 410. The insurer paid the per accident limit of the liability coverage for covered autos for Jones's negligence, but Helmick sought additional recovery for negligent entrustment under the "other than covered autos" language of the policy. *See id.* The court held that Helmick was not entitled to additional recovery under the policy because the liability limits were per accident, not per act of negligence. *See id.* at 411.

¶ 19 Finally, we note that courts should enforce an insurance contract as written so that the insurer is required to pay damages as provided for in the policy. *See Harbor Ins. Co. v. United Services Auto. Ass'n,* 114 Ariz. 58, 61, 559 P.2d 178, 181 (App.1976). The GRE policy issued to Schurz clearly provides for only one payment of $15,000 to Green, and nothing in A.R.S. § 28–1170(B)(2) prevents that result.

## CONCLUSION

¶ 20 The trial court erroneously granted summary judgment in favor of the Greens. As a matter of law, GRE is entitled to judgment declaring that it is obligated to pay only $15,000 to the Greens, which GRE has previously paid. We therefore reverse the judgment entered in favor of the Greens and remand for entry of judgment in favor of GRE.

CONCURRING: JEFFERSON L. LANKFORD, Judge, and E.G. NOYES, JR., Judge.